---

(No. 13915.—Appellate Court reversed; circuit court affirmed.)
JOHN E. NOESEN *et al.* Defendants in Error, *vs.* KATHERINE ERKENSWICK, Plaintiff in Error.

*Opinion filed June 22, 1921.*

1. WILLS—*to revoke a will, an act in conformity with the statute must be made with that intention.* A mere intention to revoke a will is not sufficient, but the intention to revoke must be accompanied by some one of the acts provided by the statute and executed in compliance therewith.

2. SAME—*when writing on back of a will is not a revocation.* A mere writing on the back of a will or on a blank marginal space, which merely amounts to a revocation by a separate instrument not attested as required by the statute, is not sufficient to revoke the will.

3. SAME—*when cancellation is sufficient to revoke will.* Where a will is canceled by writing there must be a physical cancellation of some portion of the will, but it is not necessary that its provisions be erased or rendered illegible, and a writing properly executed, running diagonally across the face of the entire will, in the words, "I hereby cancel and annul the within instrument," is a sufficient cancellation.

4. SAME—*meaning of the word "cancel."* The word "cancel" means to nullify and declare null and void an instrument in writing or to set at naught its provisions.

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding.

THOMAS W. PRINDIVILLE, for plaintiff in error.

ALBERT H. FRY, and LEWIS S. EATON, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On July 17, 1914, Katherine Noesen executed her last will and testament, and on May 26, 1915, with the advice and under the direction of her attorney, she signed and sealed a writing across the face of the will with the intention of canceling and nullifying it. She died on January 17, 1916, and John E. Noesen, who was named in the will as executor, presented it for probate to the probate court of Cook county. Upon objections being made they were overruled and the probate court admitted the will to probate and record and ordered letters testamentary issued to the executor. An appeal was taken to the circuit court, and after a hearing the circuit court found that the will had been canceled and annulled by the testatrix and refused probate. A further appeal was then taken to the Appellate Court for the First District, and that court found that the will had not been revoked or canceled and reversed the judgment of the circuit court and granted a certificate of importance, by virtue of which a writ of error was sued out of this court.

The original bill of exceptions was incorporated by stipulation in the transcript of the record on appeal to the Appellate Court, and the original will as offered in evidence is contained therein. The facts proved were, that a few days prior to May 26, 1915, Katherine Noesen went to her attorney and asked how the will could be canceled, and he directed her to bring the will to his office so that he might see it; that she brought it to his office on May 26, 1915, and he told her it could be canceled by tearing it up or destroying the signature or by writing a cancellation across the face. She directed him to cancel the will, and he wrote

across the face the words, "I hereby cancel and annul the within instrument this 26th day of May, 1915," and Katherine Noesen signed the writing, with the word "Seal" within a scroll annexed to her name. The will consists of a single sheet of paper on a printed form which first provides for the payment of debts and funeral expenses. This is followed by the printed words: "Second—After the payment of such funeral expenses and debts, I give, devise and bequeath," and the following written words: "to my daughter Catherine, wife of Fred Erkenswick, of Chicago, Illinois, the sum of one dollar, ($1.00,) and the rest, both real and personal property that may be left after the payment of the above amounts, shall be divided equally, share and share alike, between my daughter Mary, wife of Peter J. Wetter, of Chicago, Illinois, my son John Edward Noesen, of same place, and my son Joseph John Noesen, of same place, and my daughter Anna, wife of Charles Lindstrom, of Seattle, State of Washington." Then follows the printed form of appointment of an executor, in which John Edward Noesen is named, and finally the words of execution with the signature and seal of the testatrix. The cancellation is written in very large and plain letters and words, and it begins at the lower left-hand corner of the will and extends diagonally upward across the date, the appointment of the executor and the written words of the devise above quoted, to the upper right-hand corner of such written devise, extending practically to the printed portion above quoted. The date of the cancellation, "26th," is written across the "K" in the signature of the testatrix, and the writing is across the name of the executor as well as the written devise.

The statute providing for the revocation of wills is as follows: "No will, testament or codicil shall be revoked, otherwise than by burning, canceling, tearing or obliterating the same, by the testator himself, or in his presence, by his direction and consent, or by some other will, testa-

ment or codicil in writing, declaring the same, signed by the testator or testatrix, in the presence of two or more witnesses, and by them attested in his or her presence; and no word spoken shall revoke or annul any will, testament or codicil in writing, executed as aforesaid, in due form of law." (Hurd's Stat. 1917, sec. 17, p. 2969.) The law is that a cancellation must be made with intent to revoke the will, and that such was the intention of the testatrix was proved and not disputed. A mere intention to revoke a will is not sufficient, but the intention to revoke must be accompanied by some one of the acts provided by the statute. (*Bohleber* v. *Rebstock,* 255 Ill. 53.) Any act which is in compliance with the statute manifesting an intention to revoke a will is sufficient, and the question is whether the writing across the face of this will constituted a cancellation in conformity to the statute. In the case of *Burton* v. *Wylde,* 261 Ill. 397, where the signature of the testatrix to a codicil had been cut out and the cutting had the effect of destroying words appearing in the will in the residuary clause on the other side of the page, it was held that both codicil and will were revoked. The provision of the statute being that a will can only be revoked by certain methods, including cancellation, or by some other will, testament or codicil in writing executed as therein provided, a mere writing on the back of a will or on a blank marginal space which merely amounts to a revocation by a separate instrument not attested as required by the statute is not sufficient. If the will is canceled by writing there must be a physical cancellation of some portion of the will. (*Dowling* v. *Gilliland,* 286 Ill. 530.) In that case there were two notations on the back of the will, one of which was not dated and neither of them was signed. On the face of the will, in blank spaces, there were notations not signed. It was held in accordance with the statute that such a writing, not across any language of the will, merely amounts to an un-

attested instrument of revocation and is inoperative. That is not the case here, and if a cancellation can be made by any writing across the face of a will this will was revoked. The writing was across and upon a part of the signature, the date, the name of the executor and the devise made by the will, and it would be difficult to conceive of more effectual cancellation by writing. Of course, a will may be canceled by erasing its provisions or rendering them illegible, which would amount to the destruction of the will, but to cancel does not necessarily mean that. It does mean to disannul, nullify and declare null and void the instrument; to set at naught its provisions and declare it null and void. It is true that, notwithstanding the writing, the original will can be read, although with some difficulty, but that is equally true where there is a cancellation on the face of any instrument. Surely no one can be found who would say that a postage stamp is not canceled because he can still see that it is a postage stamp, nor that a provision of any document is not canceled by drawing a line through it with pen and ink although the words can still be read, nor that any banker, whatever he might think of other methods of cancellation, would pay a check canceled by writing across the face merely because he could see what the check was before cancellation. It would be going far beyond the statute to say that a will is not canceled unless the words are erased or obliterated so that the nature of the will before cancellation, or its provisions, cannot be discovered.

The will of Katherine Noesen was canceled and revoked, and therefore the judgment of the Appellate Court is reversed and the judgment of the circuit court affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of circuit court affirmed.*