## Joseph Sweeney et al., Appellants, v. William Trombley et al., Appellees.

1. WILLS—*insufficiency of fiduciary relation to create presumption of undue influence.* The existence of a fiduciary relation between a testator and a legatee does not raise a presumption of undue influence in the case of a will; the presumption arises only out of the fact that the legatee prepared the will by which he benefited.

2. WILLS—*sufficiency of evidence to rebut presumption of undue influence of legatee preparing will.* Where a will was executed by a pastor in favor of his assistant as residuary legatee, and complainants, in the bill to contest on the ground of undue influence, showed that defendant was not to receive any benefit whatever from the legacy, a contemporaneous instrument signed by the testator evidencing such fact, and where the defendant in his answer admitted such instrument and agreed to carry out its provisions, the presumption of undue influence which arose from defendant's having prepared the will was rebutted.

3. WILLS—*execution of contemporaneous instrument depriving residuary legatee of benefits as affecting validity of will.* Animus testandi was duly expressed by a will made in due form of law, although the testator set out, in another instrument executed by him but not witnessed, that the residuary legatee was not to receive any beneficial interest under the will, but was to dispose of the property in the manner therein described.

4. WILLS—*what form sufficient for testamentary disposition.* Any instrument in writing, however informal, which is made with the expressed intention of giving a posthumous destination to the maker's property, if executed in accordance with the requirements of the statute relating to wills, is a good testamentary disposition.

5. WILLS—*inadmissibility of extrinsic evidence to show intent of testator not to dispose of property as stated in will.* Where a person has expressed *animus testandi* by the execution of a will in strict accordance with the requirements of the statute, extrinsic evidence is not admissible for the purpose of showing that he did not intend thereby to dispose of his property by the will, as the admission of such evidence for such a purpose would be in direct violation of section 17 of the Wills Act (Cahill's Ill. St. ch. 148, ¶ 19), unless it was such an instrument or act as is mentioned in said section.

Appeal from the Circuit Court of St. Clair county; the Hon.

GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed March 24, 1922. *Certiorari* denied by Supreme Court (making opinion final).

W. E. KNOWLES and T. M. WEBB, for appellants.

DAN MCGLYNN, for appellees.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellants filed a bill in chancery to contest the will of Rev. Charles Sweeney, who was a Catholic priest in charge of St. Patrick's Parish at East St. Louis, Illinois, for many years prior to his death. The will was executed in due form of law and after giving his brothers and sister one dollar each, and providing for the payment of his debts and funeral expenses, the residue of the estate was bequeathed to appellee, William E. Trombley, and he was named as executor without bond.

The bill charged that the testator was not of sound mind and memory at the time he executed the will and that it was procured by undue influence on the part of the residuary legatee. It set out another instrument executed by the testator but not witnessed, which shows that the residuary legatee was to receive no beneficial interest under the will, but was to dispose of the property in the manner therein directed. At the close of proponents' evidence, and again at the close of all the evidence, appellants moved the court to direct a verdict in their favor and the motions were denied. At the close of all the evidence proponents moved for a directed verdict, which motion was allowed and the jury returned a verdict finding that the instrument purporting to be the last will of the testator was his will.

Appellants offered no testimony tending to show mental incapacity, and that charge of their bill was

abandoned. The evidence shows that the residuary legatee was assistant pastor to the testator and there is some evidence tending to show that a fiduciary relation existed and that the will and the other instrument were prepared by the residuary legatee. The evidence also shows that the testator had the idea, for many years prior to his death, that a priest should not leave his money to his relations, but to charity, and that the public should not know what became of his property. He wanted to keep the final disposition of his estate away from the public and to do so he said that he would leave his property to some one, as his executor, and then give his executor instructions as to how he wanted his estate distributed.

It was shown that on May 5, 1895, and on March 10, 1905, the testator had made previous wills. In the first of those he left some of his relatives one dollar each, and in the second made no mention of any relatives. It was conclusively shown that for many years he had intended to leave nothing to his relatives.

Appellants contend that under the facts and circumstances in evidence there was a presumption of undue influence on the part of the residuary legatee and for that reason the court should have submitted the case to the jury instead of directing a verdict. They rely upon the rule that where a person holding a confidential relation to a testator has himself prepared a will by which he receives a substantial benefit, these facts, unexplained, sustain the charge that the will was procured by the undue influence of the beneficiary. *Gum v. Reep,* 275 Ill. 503. But the existence of a fiduciary relation between a testator and a legatee does not raise a presumption of undue influence in the case of a will. The presumption arises only out of the fact that the legatee prepared the will by which he benefited. *Wunderlich v. Buerger,* 287 Ill. 440. In that case the lawyer who wrote the will was a substantial

beneficiary and the will was sustained because it appeared that there was no undue influence.

It will be observed, therefore, that the presumption of undue influence arises only when a legatee prepares a will by which he benefits. Appellants showed by their bill that appellee was not to receive any benefit whatever from the legacy. This is evidenced by the instrument signed by the testator at the time he executed his will and which appellee admitted by his answer and agreed to carry out according to its terms. If appellee were to receive the legacy absolutely for his own benefit, there would be a presumption of undue influence which it would be necessary for him to overcome. But the undisputed evidence shows that such was not the fact and the presumption was rebutted. *In re O'Hara's Will,* 95 N. Y. 403.

Appellants contend that there was no *animus testandi* on the part of the testator. They say that although the testator made a will in due form of law, yet it was not his intention to dispose of his estate as therein provided, but in an entirely different manner as evidenced by another instrument. They say that he deliberately intended to evade the statute of wills and that the courts should not give effect to his alleged will.

How may *animus testandi* be expressed? This question is very forcefully answered by *Barnewall v. Murrell,* 108 Ala. 366; *In re Kennedy's Estate,* 159 Mich. 548, and *Heaston v. Krieg,* 167 Ind. 101, where it was said: "There is no other mode of giving a valid expression to the *animus testandi,* than that which the statute prescribes. Whatever form the expression may assume, whatever solemnity may accompany it, the statute declares it ineffectual, unless the formalities it prescribes are observed. When these formalities are observed, if the writing be testamentary, —if it imports a posthumous destination of property,

—the statute in itself and of itself attaches, and conclusively attaches, the *animus testandi.*"

So when a testator has expressed *animus testandi* in the form of a will duly executed in accordance with the formal requirements of the statute, parol or extrinsic evidence is not admissible for the purpose of showing that he did not intend to make a will. *Barnewall v. Murrell, supra; In re Kennedy's Estate, supra; Heaston v. Krieg, supra.* While there are decisions to the contrary, we are of the opinion that the rule above announced is more in accord with settled principles of law and the views of our Supreme Court.

Any instrument in writing, however informal, which is made with the *expressed intention* of giving a posthumous destination to the maker's property, if executed in accordance with the requirements of the statute relating to wills, is a good testamentary disposition. But an ordinary statutory form of deed, even though attested by two credible witnesses, cannot be probated as a will where there is no ambiguity in the deed, which on its face purports to convey a present interest and which can only be converted into a testamentary disposition by resort to parol evidence to show that the grantor did not intend it to take effect until his death. *Noble v. Fickes,* 230 Ill. 594.

In that case the court said: "If an unambiguous deed, which on its face purports to convey a present interest, can be converted into a will by proving an *animo testandi* in the maker by parol evidence, the effect is not only to change the legal character of the instrument, but to engraft upon it one of the essentials of a will by parol, in the face of our statute which requires all wills to be in writing."

Where a will is executed in due form of law, it can only be revoked or annulled by a strict compliance with some one of the provisions of section 17 of the Wills Act (Cahill's Ill. St. ch. 148, ¶ 19), which reads: "No will, testament or codicil shall be revoked, otherwise

than by burning, canceling, tearing or obliterating the same, by the testator himself, or in his presence, by his direction and consent, or by some other will, testament or codicil in writing, declaring the same, signed by the testator or testatrix, in the presence of two or more witnesses, and by them attested in his or her presence; and no words spoken shall revoke or annul any will, testament or codicil in writing, executed as aforesaid, in due form of law." A mere intention to revoke a will is not sufficient, but the intention must be accompanied by some one of the acts provided by the statute and executed in compliance therewith. *Noesen v. Erkenswick,* 298 Ill. 231.

Where a will consisted of a single sheet and the testator wrote on the back thereof: "All I have I want to go to my sister, Miss Ella Willden," "this is no good; will try to make another—December 10, 1906," and he wrote in blank spaces on the face of the will: "Not any good—December 11, 1907," "Changed my mind," it was held that the testator did not revoke or annul his will. *Dowling v. Gilliland,* 286 Ill. 530.

It seems to us, under the holdings of our Supreme Court, that when a person has expressed *animus testandi* by the execution of a will in strict accordance with the requirements of the statute, extrinsic evidence is inadmissible for the purpose of showing that he did not intend thereby to dispose of his property by the will. The admission of extrinsic evidence for such a purpose would be in direct violation of section 17 of the Wills Act unless it was such an instrument or act as is mentioned in said section. The instrument in question is not of the character required by that statute and cannot be permitted to defeat the will.

There was no rule of law to prevent the testator from leaving his property to his legatee and at the same time requiring him to dispose of it in a manner directed in another instrument or even on verbal directions. If at the time of making the will the testator

has formed the intention that a legacy thereby given shall be disposed of in a particular manner not disclosed by the will but assented to by the legatee at or before, or possibly subsequent, to the making of the will, a court of equity will allow such trust to be proved by the admissions of the legatee or other parol evidence; and such action does not amount to changing the will by verbal agreement or revoking it by spoken words. *People v. Schaefer,* 266 Ill. 334.

In that case the court said: "Such a rule of law does not change the will by a verbal agreement or revoke it by spoken words. 'Neither is it an attempt to engraft a parol trust in opposition to the terms of a will. The will remained as it was written. It was not changed because of the promise. Neither can it be doubted that had the promise not been made it would not have remained as written.'" Such is practically the unanimous holding of the courts. *Trustees of Amherst College v. Ritch,* 151 N. Y. 282, 37 L. R. A. 305 and note; *Winder v. Scholey,* 83 Ohio St. 204, 33 L. R. A. (N. S.) 995 and note; *Arntson v. First Nat. Bank of Sheldon,* 39 N. D. 408, L. R. A. 1918F 1038 and note.

In *Trustees of Amherst College v. Ritch,* 151 N. Y. 282, the court said: "The trust does not act directly upon the will by modifying the gift, for the law requires wills to be wholly in writing, but it acts on the gift itself as it reaches the possession of the legatee, or as soon as he is entitled to receive it. The theory is that the will has full effect, by passing an absolute legacy to the legatee, and that then equity, in order to defeat fraud, raises a trust in favor of those intended to be benefited by the testator, and compels the legatee, as a trustee *ex malificio,* to turn the gift over to them. * * * Neither the statute of frauds nor the statute of wills applies, because the will takes effect as written and proved."

In the case of *In re O'Hara's Will,* 95 N. Y. 403, ob-

jections were presented to the probate of the will which gave the residuary estate to a legatee absolutely, but he was required by other directions to distribute it in a certain manner. While the probate was pending, a suit in chancery was brought in which it was claimed that the alleged trust violated the rule against perpetuities and the court, having both cases before it, sustained that contention but upheld the probate of the will and held that the legatee was a trustee for the heirs at law.

We are of the opinion that the testator had the undoubted right to dispose of his estate in the manner he did and that as there was no evidence of undue influence or presumption that undue influence was exercised, the trial court committed no error in directing a verdict in favor of appellees. The decree is affirmed.

*Affirmed.*