## Youndt *versus* Youndt.

1. In an issue to try the validity of a will alleged to be revoked by a subsequent will which has been destroyed, the declarations of the testator, up to near the time of his death, concerning it, were competent evidence to show that the destruction was not by his direction.

2. Where a will is alleged to have been destroyed, the declarations and acts of the person charged with doing it are competent evidence upon the issue as to who did destroy it.

ERROR to the Court of Common Pleas of *Lancaster County*. Issue to determine the validity of the will of Allen Youndt. The opinion of the court was delivered June 5, 1861, by

LOWRIE, J.—This issue is upon the will of Allen Youndt, made in 1850. It is alleged to have been revoked by a subsequent will made in 1859. There is full proof that this latter will was duly executed and contained an express revocation of the former one; but the latter will cannot be found, and it was alleged it was destroyed—not by the testator, but by a principal devisee in the former will, with assistance of the testator's housekeeper, about the time of his death. This, therefore, became the principal fact in dispute before the jury. Thus it became necessary to show that the testator himself did not destroy the will of 1859, and for this purpose his conduct and declarations concerning it, up to near the day of his death,

[Beehler v. Smith.]

were very direct evidence in establishing the negative. And the positive allegations of who did destroy it were very properly made out by the evidence of the acts and declarations of the parties charged with the deed. Each of these lines of proof was important in strengthening the other, and both together seem necessary to constitute full proof that the second will had not been revoked. What became of the second will has become the principal question of the cause, and it is because the declarations objected to help us to answer this question, that they are proper evidence. Mrs. Eliza Youndt is not a party to this dispute, neither is her husband, and we do not see that either of these has any interest in showing that the will of 1850 was revoked.

For these reasons, it seems to me that none of the assignments of error are sustained.

　　　　　　　　　　　　　　　　　　Judgment affirmed.

WOODWARD, J., dissented.