## Gfeller *v*. Lappe, Appellant.

*Wills—Lost will—Probate—Issue devisavit vel non.*

On the trial of an issue to determine whether a decedent died leaving a will, it appeared that he executed the will eleven months before his death, containing a provision for the proponent, his step-daughter, similar to those made for his own children. The will was not found after decedent's death. The proponent offered testimony tending to show the continued care of the decedent for the proponent from her childhood; the promise made her mother on her deathbed that he would provide for her in his will; his repeated declarations, extending over a period of many years, when other wills were in existence, and continued almost up to the day of his death, that he had provided for her; that three months before his death he took the will from the safe deposit box where he had placed it the day it was executed, and from that time kept it about his person until he was unable to leave his house; that when confined to his bed he kept it under his pillow until a few days before he died, when it was placed in a bureau drawer in his room; that he frequently expressed his anxiety for its safety, and his fear that it would be destroyed; and in addition to this the admissions of those interested in the destruction of the will that they had destroyed it. *Held*, (1) that the evidence was sufficient to rebut the presumption of revocation and also the testimony of a witness that the decedent told him that he had destroyed the will and showed fragments of it; and (2) that a verdict and judgment for the proponent should be sustained.

Argued Nov. 10, 1903. Appeals, Nos. 120, 121, 122 and 145, Oct. T., 1903, by defendants, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1903, No. 6, on verdict for plaintiff in case of Anna M. Gfeller v. E. Adolph Lappe et al. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Issue devisavit vel non. Before FRAZER, P. J.

The opinion of the Supreme Court states the case.

The court refused binding instructions for defendants. Defendants appealed.

Verdict and judgment for plaintiff.

*Error assigned* was refusal of binding instructions for defendant.

*W. A. Challener,* with him *Clarence Burleigh, James C. Gray, R. H. Jackson, Charles P. Lang* and *George T. Hildebrand,* for appellant, cited as to lost wills : Deaves's Est., 140 Pa. 242; Gardner's Est., 164 Pa. 420.

*J. M. Stoner,* with him *M. A. Woodward,* for appellee.

OPINION BY MR. JUSTICE FELL, January 4, 1904 :

The issues of fact sent to the common pleas for trial were whether John C. Lappe died leaving a last will and testament which was afterwards destroyed or lost, and whether if he destroyed his will he was at the time of sound mind. But little attention was given at the trial to the second issue, and in view of the finding of the jury that the deceased left a will, it is now of no importance. It was established beyond all doubt by the testimony that the decedent executed a will eleven months before his death. This will was prepared by his attorney after a number of interviews and a most careful consideration of the subject by the decedent, and it contained a provision for the proponent, who was his step-daughter, similar to those made for his own children. Since this will was last seen in his possession and was not found after his death, the presumption was that he had destroyed it.

To overcome this presumption and establish the existence of the will at his death, testimony was presented to show the continued care of the decedent for the proponent from her childhood ; the promise made her mother on her deathbed that he would provide for her in his will; his repeated declarations, extending over a period of many years, when other wills were in existence, and continued almost up to the day of his death, that he had provided for her; that three months before his death he took the will from the safe deposit box where he had placed it the day it was executed, and from that time kept it about his person until he was unable to leave his house; that when confined to his bed he kept it under his pillow until a few days before he died, when it was placed in a bureau drawer in his room ; that he frequently expressed his anxiety for its

.safety, and his fear that it would be destroyed; and in addition to this the admissions of those interested in the destruction of the will that they had destroyed it.

It is frankly conceded that this testimony was sufficient to rebut the presumption of revocation, and make a case for the jury. It is contended, however, that there was not sufficient evidence to sustain the verdict against the presumption and the testimony of a witness that the decedent told him that he had destroyed the will and showed him fragments of it. If the testimony of this witness was correct, it made an end of the proponent's case, and the jury were so instructed in language that could not be misunderstood. This testimony was not of such a character that a jury would be unwarranted in disregarding it. It was discredited by other testimony, and was not in harmony with the inherent probabilities.

We find no error in the charge nor in the admission of testimony that calls for a reversal. The testimony took a wide range, but necessarily so, since the allegation was that of fraud, and in the issues tried the decedent's acts and declarations, and the conduct of the interested persons around him were legitimate subjects of inquiry: Youndt v. Youndt, 3 Grant, 140; Gardner's Appeal, 164 Pa. 420.

The judgment is affirmed.