## Glockner et al. *v.* Glockner, Appellants.

*Wills—Probate—Issue devisavit vel non—Lost will—Evidence—Revocation—Presumption.*

1. On an issue devisavit vel non where the issues were as to the execution, the contents and the execution of a lost will, a verdict in favor of the proponents, will be sustained, where the witnesses testified that, shortly before the death of the decedent, the latter showed them separately and at different times a small book in which he had written his will, containing a money legacy to his brother and a gift of the residue to his wife; that both witnesses were familiar with his handwriting and read the will, and agreed as to its contents; that the decedent had used language to them indicating that it was his will; and that other witnesses testified to declarations of testator to the effect that he had distributed his estate in accordance with the provisions of the will written in the small book referred to in the other testimony in the case.

2. In such case the presumption that testator had revoked the will, arising from the fact that it was last seen in his possession, is overcome by testimony in effect that on the evening when the decedent showed one of the witnesses the little book, he did not retire with his family, but left the house, returning the following morning sick, cold and frozen, that he was put to bed by his daughter where he remained until taken to a hospital two weeks thereafter, where he died two days later; that on the evening previous to being taken to the hospital he had referred to the will and the little book indicating it to be in existence at that time;

that subsequently to this he had not been out of bed; that on the following day he was unable to recognize his wife; and that from the time of his removal to the hospital until his death he remained in an unconscious condition without opportunity to destroy the will.

Argued Oct. 21, 1918.  Appeal, No. 154, Oct. T., 1918, by ·defendants, from judgment of C. P. Allegheny Co., Oct. T., 1917, No. 466, on verdict for plaintiff in case of Ernestine Glockner v. Ferdinand Glockner and Lizzie Reichert.    Before BROWN, C. J., FRAZER, WALLING, SIMPSON and FOX, JJ.  Affirmed.

Issue devisavit vel non.  Before SWEARINGEN, J.

Verdict and judgment for plaintiff.. Defendants appealed.

*Error assigned* was in refusing judgment for defendants n. o. v.

*William A. Wilson,* with him *Daniel Harrison, George H. Calvert,* of *Calvert, Thompson & Wilson,* for appellants.—The execution of the will was not properly authenticated: Rees v. Stille, 38 Pa. 138; Reynolds v. Reynolds, 16 S. & R. 82; Hock v. Hock, 6 S. & R. 47.

Proof of declarations of the decedent as to the disposition of his property, in the absence· of the corpus of the will, is insufficient proof of execution: Clark v. Morton, 5 Rawle 235; Moritz v. Brough, 16 S. & R. 403; Derr v. Greenawalt, 76 Pa. 239; Foster's App., 87 Pa. 67; Harrison's App., 100 Pa. 458; Swope v. Donnelly, 190 Pa. 417.

Where the corpus of the will is not produced, proof of publication should be required and not merely proof of execution: Kisecker's Est., 190 Pa. 476.

There was no proof of the identity of the instruments of which the witnesses testified: Smith's Est., 2 Pa. C. C. R. 626; Murray v. Murray, 6 Watts 354; McKenna v. McMichael, 189 Pa. 440.

The presumption of revocation was not overcome: Lawson v. Morrison, 2 Dallas 286; Jones v. Murphy, 8 W. & S. 275; Gfeller v. Lappe, 208 Pa. 48; Fallon's Est., 214 Pa. 584.

*Rody P. Marshall,* with him *Joseph F. Mayhugh,* for appellee, cited as to the execution: Michell v. Low, 213 Pa. 526; Foster's App., 87 Pa. 67.

Cited as to the proof of the contents by parol evidence: Foster's App., 87 Pa. 67; Michell v. Low, 213 Pa. 526.

Cited as to the presumption of a revocation by the testator himself: Foster's App., 87 Pa. 67; Michell v. Low, 213 Pa. 526; Deaves' Est., 140 Pa. 242.

OPINION BY MR. JUSTICE FRAZER, January 20, 1919:

This appeal is from the judgment of the Court of Common Pleas, entered on a verdict in an issue devisavit vel non awarded to determine two questions of fact: (1st) Whether decedent executed his last will and testament, a paper subsequently lost, in which he gave $3,000 to his brother and the balance of his estate to his wife, appointing the Braddock Trust Company executor, and, (2d) Whether he died without having revoked this will. Both questions were answered by the jury in the affirmative, and this appeal is by the brother and niece of decedent, his only surviving heirs, who were named as defendants in the issue, the widow being the plaintiff.

Decedent died February 22, 1916. He had been married twenty-eight years and with the assistance of his wife amassed a considerable fortune. He made at least two earlier wills, both of which were destroyed, and, on December 16, 1915, called at the office of the Braddock Trust Company and remarked to William S. Heath, the company's trust officer, who was also the confidential business advisor of decedent, that "I must get my will fixed up." On December 31st, he again visited the office of the trust company and, in the course of other business transactions with the trust officer, showed

the latter a small dark red book which he opened, stating it contained his will. In regard to this visit Heath testified as follows: "I don't recall how it came up but we got on to the will question and he says 'How is this, my will?' and pulled a book out of his pocket and held it up. He read it off to me and I saw it and read it and he said to me 'How is that?' and I said 'It is as good as gold.' Q. You read the will did you? A. Yes, sir. Q. Were you familiar with the handwriting? A. I am, I was. Q. Was that will in the handwriting of Mr. Glockner? A. It was. Q. Mr. Gervas Glockner? A. It was in his handwriting, yes, sir."

The witness also testified the will was written about the middle of the book on the right-hand page and occupied probably one-third of the page, was dated December 31, 1915, and signed by decedent at the end. On February 14, 1916, Mrs. Renter, a stepdaughter of deceased, was present at the latter's residence at a time he was examining papers and books which were on the table before him, and, during the conversation, the witness casually picked up a small red book, opened it at random, and noticed about the middle of the book on the right-hand page what purported to be a will dated December 30, or 31, 1915, and signed by deceased, in which his property was disposed of in manner testified to by Heath and as found by the jury. Her description of the book and the contents corresponded with the testimony of Heath and leaves little room to doubt they both saw the same book and writing. During that interview deceased stated to the witness that he had "everything fixed in this book." After the death of deceased an unsuccessful search was made for the book. The testimony of these two witnesses would seem to fully meet the requirements of the law with reference to the proof of the due execution of the lost will as laid down in Michell v. Low, 213 Pa. 526, and the cases there cited.

The proof of the contents of the will is also ample to sustain the verdict. The witnesses who saw and read it

agreed in their statements regarding its provisions.    In addition to this we have the corroborating testimony of the testator's declarations as to the manner in which he had distributed his property.    Hilda Renter, a granddaughter of decedent, who was present at the time referred to by Mrs. Renter, testified her grandfather stated to her grandmother that she would "get everything but $3,000" which was to go to his brother in Germany, and the Braddock Trust Company was to attend to the settlement of the estate.    The testimony of Mrs. Glockner, who was also present at the time, is to the same effect.    These declarations were competent evidence (Gardner v. Gardner, 177 Pa. 218; Gfeller v. Lappe, 208 Pa. 48; Michell v. Low, supra), and the testimony as a whole is ample to sustain the verdict.

The remaining question is whether the will was revoked by decedent before his death.    As it was last seen in testator's possession, the presumption is he destroyed it with intention to revoke: Fallen's Est., 214 Pa. 584. On the night of February 14th, at the time the book containing the will was seen by Mrs. Renter, deceased did not retire with the other members of his family but remained downstairs and left the house, returning the following morning "sick, cold, frozen."    He was put to bed by his daughter and remained there until taken to the hospital on February 20, 1916, where he died of pneumonia on February 22, 1916.    The evening previous to being taken to the hospital he referred to the will and contents as he had previously and repeatedly done, clearly indicating the "little red book" to be in existence and that the will had not been revoked up to that time.    Subsequently to this he was not out of bed and the following morning his condition was such that he was unable to recognize his wife.    It is conceded that from the time of Glockner's removal to the hospital until his death he remained in an unconscious condition without opportunity to destroy the will.    These facts, in connection with other testimony in the case, are sufficient to warrant the con-

clusion that testator while he continued conscious believed he had a will duly executed, and are also ample to rebut the presumption that he destroyed it with intent to revoke: Foster's App., 87 Pa. 67, 75; Gardner v. Gardner, supra; Gfeller v. Lappe, supra.

The judgment is affirmed.