# Dawson's Estate.

*Wills—Probate—Signature—Witnesses—Triplicate papers.*

1. Forms of wills are immaterial; subscribing witnesses are not vitally essential; signatures at the end and due proof of signature by two witnesses, is all that the statute requires.

2. Where testator dictated to his stenographer what he stated was his will, and the same was copied in triplicate in one operation on the typewriter, and testator then signed two of the papers, at the same time directing two assistants to sign as witnesses one of the papers, and such witnesses signed the paper that was not signed by

testator, one of the papers signed by testator may be probated by proof of testator's signature; and it is immaterial that testator copied the signatures of the witnesses in his own handwriting on the two papers which he had himself signed, and wrote the word "copy" on the one signed by himself and on the one signed by the witnesses alone.

3. In such case, the other two papers with proofs in connection with their production and the signatures thereto are corroborative as a part of the general transaction for the purpose of establishing the paper offered for probate.

Argued March 13, 1923. Appeal, No. 14, Oct. T., 1923, by Jennie Louise Humphrey, from decree of O. C. Allegheny Co., June T., 1922, No. 586, reversing decision of register of wills refusing probate of will of W. R. Dawson, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from register of wills. Before MILLER, P. J., and TRIMBLE, J.

Decision of register reversed. Jennie Louise Humphrey, daughter of testator's first wife, appealed.

*Error assigned,* inter alia, was decree, quoting record.

*Harvey A. Miller,* of *Miller & Nesbitt,* for appellant, cited: Stein v. North, 3 Yeates 324; Barnet's App., 3 Rawle 15; Murray v. Murray, 6 Watts 353; Willing's Est., 212 Pa. 136.

*Ellsworth Jordan,* of *Jordan & Lent,* for appellee.

PER CURIAM, April 9, 1923:

The register of wills of Allegheny County refused to probate a writing alleged to be the will of William R. Dawson, deceased; the orphans' court reversed, and this appeal was taken.

We adopt the following excerpts from the opinion of the court below: "Decedent on November 3, 1921, dictated to his stenographer what he said was his will; she transcribed this dictation in triplicate; all three papers are exactly [alike] in every respect, made in one operation on the typewriter; he took the three papers, subscribed his name to two of them, saying it was his will; he directed the stenographer and his office manager to subscribe, as witnesses to one of the triplicate copies; this one, Exhibit No. 3 [evidently meaning No. 2], he failed to sign; he then wrote their names as witnesses to the two he had signed, Exhibits 1 and 2 [evidently meaning 1 and 3]; when signing he declared to them that the papers he signed were his will; he wrote the word 'copy' on Exhibits 1 and 2 [evidently meaning 1 and 3] and also wrote thereon in lead pencil the names of the two witnesses who had signed as witnesses the one copy, Exhibit 3 [evidently meaning 2], not executed by him; he put one of these signed papers into his pocket and gave it to his wife; the other signed paper and the one unsigned by him were put together into his safe. One of these signed papers, Exhibit No. 1, is duly proven by the two witnesses, not only as to his signature but as to his declaration, and is offered as his will. The duplicate, Exhibit No. 3, was identified as part of said transaction; either of these has all the elements of a valid will; they are testamentary, are signed at the end thereof and proven as the Wills Act requires; it is wholly immaterial that the words 'copy' and the names of the witnesses on these two papers, Exhibits 1 and 3, were written by the testator; they are mere surplusage; the signature, the declarations, and the proofs establish a valid will. While Exhibit No. 2 is not signed and of itself could not be found as a will, the signatures of the witnesses thereto, the exact similarity, and the circumstances in connection therewith are corroborative as a part of the general transaction; for the purpose of establishing, [as] the valid will, paper Exhibit No. 1, the proofs in relation

thereto are conclusive; the proof of one is sufficient: Crossman v. Crossman, 95 N. Y. 145, 149. Forms of wills are immaterial; subscribing witnesses are not vitally essential; signature at the end and due proof of signature......by two witnesses is all that our statute requires. It may be conceded that in the handling of these three similar copies between the testator and his witnesses confusion exists, but this cannot overcome testator's manifest intention by subscribing at the end thereof to a distinct testamentary paper, not only once but twice. Stress is laid upon the fact that Exhibits 1 and 2 [evidently meaning 1 and 3] are marked 'copies' and that therefore the unsigned Exhibit No. 3 [evidently meaning 2] is an original, that it alone can be considered, and that, being unsigned at the end thereof, testator did not make a valid will. It is too well settled to require the citation of authorities that exact duplicate papers executed by the parties are conclusive as to those parties irrespective of a notation that one is marked original and the other a copy. Counsel for the respondents cite the English case of Hatton's Est., Law Reports, vol. 6, Probate Division, 204, as authority for the refusal of probate of any of these papers. The papers offered [in that case] differ in language and form and were not [identical], as in the case at bar; nor does it appear that proof of a will by proof of signature is sufficient there, as it is in this jurisdiction."

The decree is affirmed at cost of appellant.