## Bates's Estate.

*Wills—Probate—Loss of will—Duplicate — Presumption — Evidence—Revocation.*

1. Where testator retains custody of his will and following his death the paper cannot be found, the presumption, in the absence of proof to the contrary, is that he intentionally destroyed the instrument.

2. The fact that the will was executed in duplicate, and that the duplicate was not retained by testator, does not affect the rule.

3. The duplicate occupies no higher position than an unexecuted copy and is merely evidence of the original's contents; the revocation of the latter by testator is a revocation of the duplicate, regardless of where kept or found.

4. Had the original been shown to have been lost or accidentally destroyed, it seems that the duplicate would be entitled to probate.

5. Where a will contains all the requisites of a properly executed testamentary paper, the mere fact that, through an apparent mistake, it bears a date subsequent to the death of the testator, does not affect its validity.

Argued May 12, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 201, Jan. T., 1926, by Charles A. Bates, proponent, from decree of O. C. Lancaster Co., Aug. T., 1924, No. 81, refusing issue devisavit vel non, in Estate of Charles E. Bates, deceased. Affirmed.

Appeal from register of wills. Before SMITH, P. J.

The opinion of the Supreme Court states the facts.

Issue devisavit vel non refused and appeal dismissed.

Charles A. Bates, proponent, appealed.

*Error assigned* was decree, quoting it.

*Edmund W. Kirby,* with him *Paul A. Mueller* and *John M. Groff,* for appellant.—The court erred in not granting an issue to determine whether or not the decedent died testate, and, if so, which paper represented his last will and testament: Dawson's Est., 277 Pa. 168; Wanamaker v. Chase, 81 Pa. Superior Ct. 201; Gardner v. Gardner, 177 Pa. 218; Glockner v. Glockner, 263 Pa. 393; Krauss' App., 114 Pa. 10; Sharpless's Est., 134 Pa. 250; Schwilke's App., 100 Pa. 631; Harvey's Est., 181 Pa. 207; Cross's Est., 278 Pa. 170.

*Daniel B. Strickler,* with him *John A. Coyle,* for appellee, cited: Baum's Est., 269 Pa. 63; Wanamaker v. Chase, 81 Pa. Superior Ct. 201; Gardner v. Gardner, 177 Pa. 218; Crossman v. Crossman, 95 N. Y. 145; Farr v. O'Neall, 1 Rich. (S. C.) 80; Schofield's Will, 129 N. Y. 190.

OPINION BY MR. JUSTICE FRAZER, June 26, 1926:

Charles E. Bates died July 9, 1924, leaving a will bearing date December 22, 1924, more than five months after his death. This will was duly probated. Three months later another will, dated July 8, 1924, was produced and offered for probate, which was refused. An appeal to the orphans' court followed and after hearing testimony that court declined to grant an issue. From such action the present appeal was taken.

The record presents no disputed questions of fact. Testator resided in the City of Lancaster. On July 8th, the day before his death, his sister and her husband, Charles P. Vaughn, who lived in the City of Philadelphia, visited him, having with them the original and a carbon copy of a will prepared by Vaughn, apparently without previous request made by testator. They remained with testator approximately one hour, and during that time he signed both the original and duplicate,

the original being placed in a safe in testator's bedroom, and the duplicate delivered to Vaughn. The duplicate carbon copy was the one offered for probate and refused.

The record discloses no evidence whatever tending to account for the disappearance of the original which testator kept in his possession. It was not found among his effects, and no explanation of its disappearance is discernible in the testimony. At the hearing the production of the original was called for, and counsel for proponents of the will stated the paper was not in their possession, that they never had it, and were without information concerning it.

The rule is that where testator retains custody of his will and following his death the paper cannot be found, the presumption, in absence of proof to the contrary, is that he intentionally destroyed the instrument: Williams on Executors, 7th American edition, vol. 1, page 206, note n. There is nothing of convincing value in the circumstances here involved to rebut such presumption: Gardner v. Gardner, 177 Pa. 218, 219; Glockner v. Glockner, 263 Pa. 393, 397; Weber's Est., 268 Pa. 7, 13. In this respect the case differs from Glockner v. Glockner, supra, relied on by appellant, where the evidence showed testator referred to his will as being in existence at a time shortly before his death and that thereafter no opportunity was afforded him to destroy it. There is no such evidence in this case.

The fact that the will was executed in duplicate does not affect the rule. The duplicate occupies no higher position than an unexecuted copy and is merely evidence of the original's contents. The revocation of the latter by testator is a revocation of the duplicate, regardless of where kept or found. This result follows from the fact that a will is not a contract, but a mere expression of intention, to take effect after testator's death, and subject, in the meantime, to revocation or such changes as the maker may deem expedient. The opinion in Dawson's Est., 277 Pa. 168, cited by appellant, adds

nothing in the way of the legal effect to be given a duplicate will duly signed and executed by testator. In that case no question arose as to revocation by destruction of the copy in testator's possession, the question there being merely one of proof of the will, and we held that either of the copies possessed the elements of a valid will and might be proved as such. In that case we stated exact duplicate papers executed by parties are conclusive, irrespective of a notation marking one as original, and the other as a copy. Likewise, in the present case, had the original been found, or had it been shown to have been lost or accidentally destroyed, there can be no doubt of the admissibility of the duplicate and its being entitled to probate as testator's will. The question here is not one of establishing the contents of the will, but proof of its existence, overcoming the presumption of destruction with intention to revoke. In Wanamaker v. Chase, 81 Pa. Superior Ct. 201, cited by appellant, the question was also one of evidence; there that court merely held, where several copies of a writing were made at the same time by the same mechanical operation, each would be regarded as an original and be admissible as such. These two decisions have no bearing on the present controversy.

Concerning the probated will dated December 22, 1924, no proof was offered to show the paper was not a valid will. On its face it contained all requisites of a properly executed testamentary paper; the mere fact that an apparent mistake appears in its date is immaterial, and in this case does not affect its validity. While under many circumstances the date of a will may have a material effect on the rights of persons claiming under its provisions, as for instance in Baum's Est., 269 Pa. 63, yet no such circumstances are here involved, and it is sufficient that the will in question was properly executed at a time testator was of sound and disposing mind and understanding.

The decree is affirmed at costs of appellant.