*In re* SWAN'S ESTATE.

HOEY *v.* FRAKES.

WILLS—STATUTES—DATES—QUESTION FOR JURY.
Since statute relative to execution of wills does not require that
a will be dated, a date thereupon is not essential to validity
and where sole dispute of fact related to date on which will
was executed, no issue of fact for jury was created (3 Comp.
Laws 1929, §§ 13482, 14531 *et seq.*).

Appeal from Wayne; Neal (Max E.), J., presiding. Submitted January 12, 1939. (Docket No. 16, Calendar No. 40,245.) Decided March 9, 1939.

In the matter of the estate of Evelyn Swan, deceased. John T. Hoey and Detroit Trust Company presented a will for probate. Stella Effie Frakes objected thereto. From judgment allowing will in probate court, contestant appealed to circuit court. Verdict for contestant. Judgment for proponents *non obstante veredicto.* Contestant appeals. Affirmed.

*Monaghan, Crowley, Clark & Kellogg (Joseph N. Monaghan* and *Edward T. Kelley,* of counsel), for proponents.

*Rothe & Williamson,* for contestant.

CHANDLER, J. Evelyn Swan died on August 10, 1937. Proponents offered as her last will and testament an instrument dated August 10, 1935, the same

bearing the names of Foley Beattie and Virginia Beattie, his wife, as subscribing witnesses.

The will having been allowed in the probate court, an appeal was taken to the circuit, wherein judgment was entered in favor of proponents. Contestant appeals, contending that a question of fact was presented for the jury as to whether the proffered instrument was properly executed in accordance with the provisions of 3 Comp. Laws 1929, § 13482 (Stat. Ann. § 26.1065).

Mr. and Mrs. Beattie, whose names appear as subscribing witnesses, testified that the signatures appearing upon the instrument were their signatures, but that they had subscribed their names thereto in the spring of 1935, and had never witnessed a will for deceased on August 10th of that year. Mrs. Beattie also testified that in the summer of 1935, deceased had stated that she had changed her will and that she (Mrs. Beattie) was not a witness to the new will.

Mr. Kelley, the attorney who prepared the will, testified that on or about August 7, 1935, Mr. Hoey, a friend of deceased, called at his office and stated that deceased desired to make some changes in her will, and that upon Mr. Hoey's request he prepared the instrument offered by proponents and delivered the same to Mr. Hoey.

Mr. McGuirk, another attorney associated with the same law firm as witness Kelley, testified that early in March, 1935, he prepared a will in accordance with the instructions of the testatrix, which was executed a couple of weeks later by deceased in his office, and that he and his secretary subscribed their names as witnesses thereto. He further testified that in August, 1935, Mr. Hoey called him and stated that Mrs. Swan wanted to make some changes in her will, but due to the fact that he was about to leave the city

he referred Mr. Hoey to Mr. Kelley, who prepared another will as above mentioned.

Mr. Hoey testified that in March, 1935, at Mrs. Swan's request, he took her to Mr. McGuirk's office for the purpose of making her will; that thereafter he returned to the law office with Mrs. Swan, at which time she executed the will; that it was witnessed by Mr. McGuirk and his stenographer; that in July, 1935, at Mrs. Swan's request, he arranged for the preparation of another will which was witnessed in the following month in his presence and in the presence of Mr. and Mrs. Beattie, who subscribed their names thereto as subscribing witnesses.

At the conclusion of all the proofs, both parties moved for a directed verdict. At that time, the trial court believed that a question of fact was presented as to whether the will in question was properly executed in accordance with the statutory provisions because of the testimony of the Beatties, that they witnessed a will in the spring of 1935, whereas the will in question, although bearing their signatures as witnesses, was dated August 10, 1935. The court then announced that he was reserving his decision on the motions under the Empson act (3 Comp. Laws 1929, § 14531 *et seq.* [Stat. Ann. § 27.1461 *et seq.*]), and submitted the question to the jury, who found in favor of the contestant. Thereafter, the court granted proponents' motion for judgment *non obstante veredicto,* and this appeal ensued.

It appears to be appellant's contention that because the Beatties testified positively that they witnessed but one will for deceased in the spring of 1935, and that they witnessed no other will for her, and because the will offered by proponents bore date of August 10, 1935, a question of fact arose as to whether the instrument was duly executed in accord-

ance with the provisions of our statute (3 Comp. Laws 1929, § 13482 [Stat. Ann. § 26.1065]), which requires a will to "be in writing and signed by the testator or by some person in his presence, and by his express direction, and attested and subscribed in the presence of the testator by two or more competent witnesses."

The statute does not require a will to be dated and in the absence of such a provision a date is not an essential requisite to its validity. 68 C. J. p. 652, § 279; annotation, L. R. A. 1916E, 499; *Peace* v. *Edwards,* 170 N. C. 64 (86 S. E. 807, Ann. Cas. 1918A, 778). See, also, *Bates' Estate,* 286 Pa. 583 (134 Atl. 513, 48 A. L. R. 294).

Mr. and Mrs. Beattie, according to their undisputed testimony, witnessed a will for decedent in a manner which complied with all the requirements of the statute. They gave positive testimony, which was also undisputed, that the signatures affixed to the proposed will were their signatures, and were equally positive that they witnessed but one will, which was the one offered for probate. Probate of the will should not be defeated either because they were mistaken or had forgotten the exact date of execution, or because the will was erroneously dated, if other necessary requirements were fulfilled. In brief, a dispute solely as to whether a will was in fact executed upon the date mentioned therein creates no issue of fact for the jury as to whether the same was properly executed in accordance with the statute.

Judgment affirmed, with costs to appellee.

Butzel, C. J., and Wiest, Bushnell, Sharpe, Potter, and McAllister, JJ., concurred. North, J., took no part in this decision.