## Baker Estate

*Leonard F. Markel, Jr.*, and *Kingsley A. Jarvis*, for appellants.

*Thomas E. Waters, Gilbert P. High, Ernest E. Heim* and *Russell C. Dilks*, for proponents.

TAXIS, P. J., October 11, 1961.—This is an appeal from a decree of the Register of Wills of Montgomery County dated April 26, 1961 admitting to probate a document purporting to be the last will and testament of Robert Merrill Baker. The heirs-at-law have appealed and seek to have the entire estate pass by intestacy.

Decedent died on June 30, 1960, a widower with no children, and leaving 12 first cousins as his next of kin. Letters of administration were granted to the Broad Street Trust Company, but thereafter the document in question was presented to the register of wills who, after hearing, admitted the document to probate.

The alleged last will and testament consists of 18 handwritten pages, and it is undisputed that the handwriting and the signature are those of decedent. The paper is dated July 1, 1958, is highly detailed, and contains much information which is not strictly dispositive in nature, but which was included to assist in the administration of decedent's estate. There are numerous specific bequests of tangible personal property, and these are followed by a direction that the balance of the estate be converted into cash. From this "cash residue" nine charitable bequests are made, which arithmetically total 82 percent of the residuary estate. The balance will descend by intestacy as no further dispositions are made.

On the last page there appears the signature of testator and a conventional attestation clause, which, however, is not completed, and no signatures of subscribing witnesses appear. Each page of the will is dated, and signed in the upper right hand corner "R. M. Baker." In addition, a deletion, dated September 1, 1958, appears on page 10, and is signed "Robert M. Baker."

The paper was found in safe deposit box no. 678 at the Chestnut Hill Branch of the Broad Street Trust Company, which box was leased in the name of decedent. The envelope containing it was marked "Last Will and Testament of Robert Merrill Baker."

At the hearing before the register, the caveators produced a letter written by testator and dated June 28, 1958, wherein he stated that he was "working on a rough draft" of his will, with the help of the assistant treasurer at his bank. Following this statement, testator wrote: "I have got to go to a lawyer for the final." There was also produced at the hearing decedent's notebook which, inter alia, listed the contents of his safe deposit box and included the language, "Will, written but not witnessed."

There can be no question that this document purports to be testator's will. It is testamentary in nature, it is executed in compliance with the requirements of the Wills Act of April 24, 1947, P. L. 89, and no issue has been raised concerning testamentary capacity. Caveators contend, however, that the paper was not executed with "animus testandi," or, in other words, that decedent did not intend this document to be his will.

Where a document, considered from its own four corners, constitutes a testamentary disposition, no extrinsic evidence can be considered to show a contrary intent: Thompson Will, 375 Pa. 193. The equivocal element in this case is the following language which appears on page 2 of the disputed writing:

"The original of this, my last will and testament, shall be sealed and filed in the vaults of the Broad Street Trust Company, Philadelphia, Pennsylvania, subject to withdrawal at any time on my order. A copy will be kept among my private papers in my safe deposit box, No. 678, in the Chestnut Hill Branch of the Broad Street Trust Company, Philadelphia, Pennsylvania."

From this language, caveators conclude that the document is only a copy, and that, inasmuch as the absence or loss of the original is unexplained, the well-established presumption of revocation or destruction prevents the probate of the copy.

It must first be noted that, absent the language above quoted, there is no indication that the document is a copy rather than an original, and such evidence as there is indicates the contrary. Physically, it was written by testator in his own hand, and there is no suggestion that any document which would constitute the original, of which this is a copy, ever existed. Nor was any paper purporting to be a will of testator ever delivered in the above-quoted language. The case is

thus narrowed to the question of whether a will which is, by execution and physical composition, an original can be reduced to the status of an unprobatable copy.

It has been clearly established by Dawson's Estate, 277 Pa. 168, and Griffith Will, 358 Pa. 474, that a properly executed testamentary paper constitutes a probatable will, even though it is admittedly a copy of an original, and even if marked with the word "Copy", although in other respects appearing to be an original. The authority rules the issue at hand. If a document, although physically a copy or marked a copy, is nevertheless probatable, certainly a document which is identified as a copy only by one short misstatement of its author's future intention is also probatable. Had the paper in question been found anywhere else than precisely where it was, this problem could not have arisen; but there is no reported law in Pennsylvania holding that an otherwise valid will which contains an inaccurate statement relating to testator's future actions thereby becomes void.

The evidence contained in the letter admitted in evidence on behalf of the caveators does not assist their case, inasmuch as that which testator regarded as a rough draft on June 28, 1958, could easily have become his will on July 1st by proper execution. That Mr. Baker did not consult a lawyer before finalizing his will does not bear on his intention at the moment of execution. More than offsetting these considerations are the facts that, two months after this time, decedent took the trouble to delete an inappropriate provision from the will, and that two years passed before his death, during which time ample opportunity existed to create a new will or to deliver an "original" to the Broad Street Trust Company.

It is important to note that the document was not offered for probate as a copy of a lost or destroyed will and that the issue of revocation is not in the case.

Caveators have relied strongly on Bates' Estate, 286 Pa. 583, but the main issue there was completely different from the one at hand. In that case, it was held that an executed *copy* of a will cannot be probated if the original has been properly revoked. Whether or not the document in question was a copy or an original was not in issue. We are not here concerned with the problems surrounding the revocation of an original will, or the presumption that an original which cannot be found at a testator's death has been destroyed or revoked. The issue is merely whether or not the document in question is an original for purposes of probate, and, having determined that it is, Griffith's Will, supra, governs.

And now, October 11, 1961, the appeal is dismissed, and the decree of the Register of Wills of Montgomery County is sustained.