*In re* ESTATE OF FORREST B. DAVIES, Deceased—(TAGE JORANSON, Petitioner-Appellant, *v.* HARRY S. JACOBS, Admr. of the Estate of Forrest B. Davies, Deceased, Respondent-Appellee.)

(No. 55254; )

First District—March 27, 1972.

Tage Joranson, *pro se.*

Edward A. Sinden, of Chicago, for appellee.

Mr. JUSTICE LYONS delivered the opinion of the court:

██ This is an appeal from orders of the Circuit Court of Cook County denying the will of Forrest B. Davies admission to probate (Order of April 1, 1970) and denying the subsequent motion of Tage Joranson, named as executor in the will, to vacate the order of April 1. Appellant has raised numerous issues in his brief, however all save one arise from matters occurring subsequent to the filing of the notice of appeal and are therefore not cognizable by this court. (See *Shapiro v. DiGuilio* (1968), 95 Ill.App.2d 184, 237 N.E.2d 771.) The sole issue which we may consider is whether the Circuit Court erred in its determination that the deceased had revoked the will during his lifetime.

The will, dated July 19, 1968, and consisting of three pages bears the following legend across the face of the first page: "I hereby revoke this will this 21st day of December, 1968. Forrest B. Davies (Seal)." That this writing, which extends diagonally across the page, thus covering at least in part separate paragraphs containing the declaration, an instruction to the executor with respect to debts and funeral expenses, and three individual bequests, is in the hand of the deceased is not disputed. Two of the attesting witnesses testified below that the will was not so defaced at the time of its execution on July 19, 1968.

Section 46 of the Probate Act (Ill. Rev. Stat. 1969, ch. 3, par. 46) delineates *inter alia,* the methods by which a will may be revoked. The first paragraph of that section provides:

"A will may be revoked only by (a) burning, cancelling, tearing, or obliterating it by the testator himself or by some person in his presence and by his direction and consent, (b) by the execution of a later will declaring the revocation, (c) by a later will to the extent that it is inconsistent with the prior will, or (d) by the execution of an instrument in writing declaring the revocation and signed and attested in the manner prescribed by this Article for the signing and attestation of a will."

██ It has been held that the revocation of a will is a matter of intent, an act of the mind of the testator manifested by some physical act. However to be effective the act which manifests the intent must be one of those described by the statute. (*In re Will of Barrie,* 1946, 393 Ill. 111, 65 N.E.2d 433.) Appellant contends that the legend on the face of the will is not a sufficient physical cancellation within the purview of the statute since it does not constitute a sufficient physical mutilation of the document. It is suggested that a blotting or striking out of provisions is necessary. We do not agree. A similar statute was involved in *Noesen v. Erkenswick,* 1921, 298 Ill. 231, 131 N.E. 622, wherein it was stated at pages 234-35 of the official reports:

"If the will is cancelled by a writing there must be a physical cancellation of some portion of the will. * * * Of course a will may be cancelled by erasing its provisions or rendering them illegible, which would amount to the destruction of the will, but to cancel does not necessarily mean that. It does mean to disannul, nullify and declare null and void the instrument; to set at naught its provisions and declare it null and void. It is true that, notwithstanding the writing, the original will can be read, although with some difficulty, but that is equally true where there is a cancellation on the face of any instrument."

██ Appellant on oral argument has also raised an issue with respect

to the intent of the deceased to revoke the will. He does not dispute that the plain meaning of the words written across the face of the first page of the document evidence such an intent. Rather it is argued that this intent was dependent upon the efficacy of the deceased's alleged abortive attempt to effect a voluntary settlement of the assets of his estate. We need not consider whether the doctrine of defendant relative revocation (see 95 C.J.S. 267) enjoys vitality in this jurisdiction, whether the doctrine is applicable to cases involving an ineffectual attempt at voluntary settlement rather than a subsequent will, or whether that doctrine, if applicable, would be of aid to the appellant, for this theory was not timely advanced in the Circuit Court and therefore will not be considered on appeal. In accordance with the views expressed herein, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and BURKE, J., concur.