SCHWARTZ, Chief Judge
(dissenting in part).
There is no dispute that Dickson made the markings in question on his will. As shown by the majority opinion, they objectively invoke the provisions of section 732.-506, Florida Statutes (1989).[1] See also Starnes v. Andre, 243 Ark. 712, 421 S.W.2d 616 (1967); In re Davies’Estate, 5 Ill.App.3d 15, 282 N.E.2d 528 (1972); In re Will of Nassano, 199 NJ.Super. 414, 489 A.2d 1189 (1985). In my view, it is also clear that the testator’s subjective intent was, as he unequivocally said, to “declare this will null and void,” and therefore that the legal consequence of that act is, as the statute says, to revoke the will. Hence, I see no purpose to the further factual consideration of the issue the court requires. I would instead reverse the judgment below outright and remand the cause with directions to revoke the probate of the will and order that the estate pass by intestacy.

. 732.506 Revocation by act. — A will or codicil is revoked by the testator, or some other person in his presence and at his direction, by burning, tearing, canceling, defacing, obliterating, or destroying it with the intent, and for the purpose of revocation.