ANSTEAD, Judge,
dissenting.
I would affirm the trial court’s decision that the testator effectively revoked the codicil to his will by destroying his photocopy of the codicil with the intent of revoking it.
It is undisputed that the testator was provided a photocopy of his executed will by his lawyer at the time the will was drafted and executed, and similarly the testator was provided such a copy of the codicil. These were the only copies provided the testator and were supplied with formal or “blue backed” binding. The lawyer retained the originals. At the hearing to determine whether the codicil was revoked by destruction of the photocopy, substantial parol evidence was admitted demonstrating, without dispute, that the testator intended to revoke the codicil by destroying the photocopy in the presence of witnesses. Indeed, the parties have stipulated that the testator believed he was destroying the original of the codicil.
Redfearn Wills and Adm. in Fla., Section 8-6 (6th ed.), which relates to revocation of a will by revocation or destruction, explains:
Whenever the question is raised as to whether or not there has been a revocation by any destruction or obliteration, parol and other extrinsic evidence is necessarily admissible to show what acts were done by the testator and what his intentions were.
Of course, we are concerned with determining the testator’s intent and then carrying *310 it out. The record here provides a reliable basis for determining that intent.
I would also certify the issue as one of great public importance. If, as the parties assert, the practice of providing photocopies in lieu of multiple originals is widespread, we should have certainty with respect to the ability of a testatrix to revoke a will by destroying the photocopy. The caselaw is unclear, one case holding that destruction of a carbon copy is effective, and another case holding that destruction of a conformed copy is not. See In re Holmberg’s Estate, 400 Ill. 366, 81 N.E.2d 188 (1948) and In re Wehr’s, cited in the majority opinion, respectively. The parties have provided us with no Florida decisions concerning similar facts.