■ In the Matter of the Estate of SHIRLEY S. KRIEGER, Deceased. [595 NYS2d 272] —Order unanimously affirmed with costs. Memorandum: The Surrogate properly determined that a will cannot be revoked by the physical destruction of an unexecuted conformed copy *(see,* EPTL 3-4.1; *Matter of Estate of Stanton,* 472 NW2d 741, 747 [ND]; *In re D'Agostino's Will,* 9 NJ Super 230, 75 A2d 913; *In re Wehr's Will,* 247 Wis 98, 18 NW2d 709; *cf., Matter of Charitou,* 156 Misc 2d 952). We reject respondent's contention that *In re Kehr's Estate* (373 Pa 473, 95 A2d 647) applies to the facts of the instant case. In that case, the testatrix wrote "null and void" on the first page of an unexecuted carbon copy of her will and signed her initials. The court determined that the testatrix's handwriting constituted "some other writing", that her initials sufficed as an

execution of that "writing", as authorized by Pennsylvania statutory law (20 Pa Stat § 180.1, now 20 Pa Cons Stat Annot § 2505 [1992]), and that the will was revoked by that writing. The instant matter does not involve a revocation by subsequent writing. (Appeal from Order of Monroe County Surrogate's Court, Ciaccio, S.—Summary Judgment.) Present—Callahan, J. P., Green, Balio, Lawton and Doerr, JJ.