# Illinois Official Reports

## Appellate Court

---

**In re Estate of Brewer, 2015 IL App (2d) 140706**

---

| | |
|---|---|
| Appellate Court Caption | *In re* ESTATE OF TYLER B. BREWER, Deceased (Hannah Brewer, Petitioner-Appellant, v. Todney B. Brewer, Executor and Legatee, Jourdan Brewer, Heir, and Erin E. Walsh, Guardian *ad litem*, Respondents-Appellees). |
| District & No. | Second District<br>Docket No. 2-14-0706 |
| Filed | June 17, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Winnebago County, No. 13-P-387; the Hon. Lisa R. Fabiano, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Kevin W. Bruning and A. Kathleen Barauski, both of Bruning & Associates, P.C., of Crystal Lake, for appellant.<br><br>Alexander J. Mezny, of Holmstrom & Kennedy, P.C., of Rockford, for appellee Todney B. Brewer. |

| Panel | JUSTICE BIRKETT delivered the judgment of the court, with opinion. |
|---|---|
| | Presiding Justice Schostok and Justice Jorgensen concurred in the judgment and opinion. |

**OPINION**

¶ 1     This is an appeal from an order of the circuit court of Winnebago County granting a motion to dismiss a petition to contest the validity of a will. The sole issue on appeal is whether the petition alleged sufficient facts to establish that the will had been revoked in accordance with the relevant provisions of the Probate Act of 1975 (Probate Act) (755 ILCS 5/4-7 (West 2012)). For the reasons that follow, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3     Tyler B. Brewer died on July 17, 2013. At the time of his death, he had two heirs, Hannah Brewer and Jourdan Brewer. On September 12, 2013, the last will and testament of Tyler Brewer, dated December 1, 1999, was admitted to probate. Todney Brewer, Tyler's brother, was named executor of the will.

¶ 4     On March 11, 2014, Hannah filed a petition to contest the validity of the will. In her petition, Hannah alleged:

"On or about September 22, 2012, in contemplation of his impending death and with the intention to revoke the Alleged Will, Tyler cancelled a copy of the Alleged Will by signing the first page, striking through material provisions of the copy, and writing 'As of 9/22/12, This will is void. I am working on a new one that includes both Hannah & Jordan [*sic*].' On information and belief, [a] true and correct copy of the cancelled copy is attached hereto as 'Exhibit A.' "

Hannah alleged that Tyler wrote the initials " 'TB' " on the document and that such writing was intended to be his signature. Hannah further alleged that, on or about September 22, 2012, Tyler's original will was "lost, misplaced, or otherwise not in the possession of Tyler." Hannah attached a copy of the purportedly cancelled will to her petition as Exhibit A. Exhibit A reveals that Tyler purportedly cancelled an unsigned and unattested copy of the will. Hannah asked the court to declare the will invalid, to find that Tyler died intestate, to revoke the order appointing Todney as executor, to appoint an administrator of the estate, and to order supervised administration of the estate.

¶ 5     Todney, as executor and legatee, moved to dismiss the petition to contest the validity of the will, arguing that the petition failed to allege sufficient facts to establish that the will had been revoked in accordance with the relevant provisions of the Probate Act (755 ILCS 5/4-7

(West 2012)).[1] In his motion to dismiss, Todney argued (1) that the writing on the copy of the will was insufficient to cancel the will, and (2) that an attempt to cancel a copy of a will is insufficient as a matter of law.

¶ 6    In response, Hannah first argued that the court should stay the proceedings and allow her to conduct discovery, because facts material to determining the effectiveness of the alleged cancellation were at all times in the exclusive custody of Todney. In the alternative, Hannah argued that Todney's motion should be denied, because (1) the markings on the copy of the will were sufficient to cancel the will, and (2) Todney failed to meet his burden of proving that, under the circumstances, cancellation of a copy of the will was impermissible.

¶ 7    The trial court granted the motion to dismiss "on the basis that markings on an unattested copy of a will are insufficient to cancel an original will" and it specifically declined to address the issue of "whether the markings on the copy of the will are sufficient to support cancellation." The court found no just reason to delay enforcement or appeal of its order under Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010).

¶ 8    Hannah timely appealed.

¶ 9                                    II. ANALYSIS

¶ 10    As an initial matter, we note that Todney's motion to dismiss did not designate whether it was brought pursuant to section 2-615 or section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619 (West 2012)). A motion to dismiss under section 2-615 tests the legal sufficiency of the plaintiff's claim, while a motion to dismiss under section 2-619 admits the legal sufficiency of the plaintiff's claim but asserts certain defects or defenses outside the pleading that defeat the claim. *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31; *Wallace v. Smyth*, 203 Ill. 2d 441, 447 (2002). When a moving party fails to designate under which section it seeks dismissal, a reviewing court typically reviews the motion according to its grounds, its requests, or its treatment by the parties and the trial court. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 484 (1994). Here, Todney argued in his motion that "[t]he Petition fails to allege sufficient facts to show cancellation." Although he referred, in a footnote, to factual matters not contained in the petition, he specifically noted that they were immaterial to the arguments raised in his motion. In her response, Hannah argued that, because the motion was directed toward the manner in which her petition was pleaded, she would treat it as brought under section 2-615. Accordingly, it is clear that Todney sought dismissal under section 2-615 and that the parties and the court treated the motion as such.

¶ 11    On review of a dismissal under section 2-615, the question presented is whether the allegations of the complaint, when taken as true and viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. *Cowper v. Nyberg*, 2015 IL 117811, ¶ 12. A cause of action should not be dismissed under section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the

---

[1]In a footnote, Todney took issue with Hannah's claim that the original will had been lost or misplaced, maintaining instead that it had been found in Tyler's filing cabinet and filed with the court. He also took issue with Hannah's assertion that Tyler's death had been "impending," claiming instead that Tyler died unexpectedly in his sleep. Nevertheless, Todney noted that these allegations were immaterial to the arguments raised in his motion to dismiss.

plaintiff to recovery. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). Dismissals under section 2-615 are reviewed *de novo*. *Id*. Further, to the extent that we must interpret any provision of the Probate Act, we do so *de novo*. *In re Estate of Poole*, 207 Ill. 2d 393, 401 (2003).

¶ 12    "[R]evocation of a will is a matter of intent, an act of the mind of the testator manifested by some physical act." *In re Estate of Davies*, 5 Ill. App. 3d 15, 16 (1972). To be effective, the act that manifests the intent must be one of those described by the Probate Act. *In re Will of Barrie*, 393 Ill. 111, 115-16 (1946). Section 4-7(a) of the Probate Act provides:

> "A will may be revoked only (1) by burning, cancelling, tearing or obliterating it by the testator himself or by some person in his presence and by his direction and consent, (2) by the execution of a later will declaring the revocation, (3) by a later will to the extent that it is inconsistent with the prior will or (4) by the execution of an instrument declaring the revocation and signed and attested in the manner prescribed by this Article for the signing and attestation of a will." 755 ILCS 5/4-7(a) (West 2012).

Hannah argues that Tyler cancelled his original will by virtue of certain markings that he made to a copy of that will. According to Hannah, cancellation of a copy of a will is a sufficient manifestation of an intent to cancel an original will if the original will was believed to be lost, misplaced, or otherwise not in the testator's possession.

¶ 13    Taking the allegations of Hannah's petition as true, we must determine whether Tyler's act in purporting to cancel an unsigned and unattested copy of a will falls within the language of section 4-7 of the Probate Act. When we interpret a statute, the cardinal rule is to ascertain and give effect to the intent of the legislature. *National City Mortgage v. Bergman*, 405 Ill. App. 3d 102, 109 (2010). "The language of the statute is the best indication of the legislature's intent." *Murray v. Chicago Youth Center*, 224 Ill. 2d 213, 235 (2007). The statute's language must be given its plain and ordinary meaning, and we are not free to construe the statute in a manner that changes that meaning. *Id*. If the statutory language is clear and unambiguous, we must give effect to that plain and ordinary meaning without resorting to other canons or aids of statutory interpretation. *Id*.

¶ 14    Under the plain language of the Probate Act, only a "will" may be revoked by cancellation. Specifically, the Probate Act provides that "[a] *will* may be revoked only (1) by burning, cancelling, tearing or obliterating *it*." (Emphases added.) 755 ILCS 5/4-7(a) (West 2012). The pronoun "it" references the word "will." A "will" must meet specific statutory requirements. Under section 4-3 of the Probate Act, "[e]very *will* shall be in writing, signed by the testator or by some person in his presence and by his direction and attested in the presence of the testator by 2 or more credible witnesses." (Emphasis added.) 755 ILCS 5/4-3(a) (West 2012). An unsigned will is not a "will." See *In re Estate of Wedeberg*, 226 Ill. App. 3d 948, 949-50 (1992) (decedent's name handwritten by decedent at the top of her will for purposes of titling the will did not meet the signature requirement of the Probate Act and thus will was not valid). An unattested will is not a "will." See *In re Estate of Lum*, 298 Ill. App. 3d 791, 792-93 (1998) (decedent's will declared invalid where it was not signed by the witnesses). Here, because the will purportedly cancelled by Tyler is an unsigned and unattested copy of his original will, it is not a "will" for purposes of section 4-7 of the Probate Act. Thus, any act taken by Tyler upon that unsigned and unattested copy does not amount to a revocation of the will under the Probate Act.

¶ 15    Our conclusion is supported by courts of other jurisdictions that have held that a revocatory act performed on any photocopy is legally ineffective. See *Gushwa v. Hunt*, 2008-NMSC-064, ¶ 20, 145 N.M. 286, 197 P.3d 1 (testator's act of writing "revoked" across the pages of a photocopy of his will was insufficient to revoke the original will); *In re Estate of Tolin*, 622 So. 2d 988, 990 (Fla. 1993) (testator's destruction of a copy of a codicil, rather than the original codicil, was insufficient to revoke the codicil); *In re Krieger*, 595 N.Y.S.2d 272, 272 (N.Y. App. Div. 1993) ("a will cannot be revoked by the physical destruction of an unexecuted conformed copy"); *Estate of Charitou*, 595 N.Y.S.2d 308, 311-12 (N.Y. Sur. Ct. 1993) (holding that the writings upon a photocopy of a will were insufficient to revoke the will); *In re Estate of Stanton*, 472 N.W.2d 741, 747 (N.D. 1991) ("the destruction of an unexecuted or conformed copy is ineffectual as an act of revocation regardless of the testator's intent").

¶ 16    Hannah's reliance on *In re Estate of Holmberg*, 400 Ill. 366 (1948), does not warrant a different conclusion. There, the supreme court held that "cancellation by a testator of one of two *duplicate originals of his will* cancels and revokes the other duplicate original left in the custody of another person." (Emphasis added.) *Id*. at 370. The issue was "whether an otherwise effective revocation of a will is nullified by the continued existence, in the possession of another, of a duplicate original bearing no mark or evidence of revocation." *Id.* Here, Tyler purportedly cancelled an unsigned and unattested copy, not a duplicate original. Unlike in *Holmberg*, this was not an "otherwise effective revocation." *Id*.

¶ 17    The remaining cases relied on by Hannah are similarly inapplicable, because they all involved acts done on original wills. See *Will of Barrie*, 393 Ill. at 123 (the word " 'Void' " was written in various places on the will by the decedent in such a manner as to manifest her intent to revoke the will); *Noesen v. Erkenswick*, 298 Ill. 231, 235 (1921) (writing across and upon a part of the signature, the date, the name of the executor, and the devise made by the will was effective cancellation); *Burton v. Wylde*, 261 Ill. 397, 398 (1913) ("When the will was produced for probate the signature of the testatrix to the codicil had been cut out with some sharp instrument, destroying at the same time certain words that appeared in the residuary clause on the other side of the page."); *Estate of Davies*, 5 Ill. App. 3d at 16 (decedent's declaration of intent to revoke the will, handwritten on face of will, was effective revocation); *In re Estate of Flynn*, 307 Ill. App. 582, 587 (1940) (decedent directed another individual to write " 'Cancelled 10-28-27' " on the margin of her will).

¶ 18    Based on the foregoing, we affirm the order granting Todney's motion to dismiss. Like the trial court, we need not consider whether the markings on the copy of the will otherwise would have been sufficient to cancel the will.

¶ 19                                    III. CONCLUSION

¶ 20    For the reasons stated, we affirm the judgment of the circuit court of Winnebago County granting Todney's motion to dismiss Hannah's petition to contest the validity of the will.

¶ 21    Affirmed.