# Illinois Official Reports

## Appellate Court

***Rodriguez v. Brady*, 2017 IL App (3d) 160439**

| | |
|---|---|
| Appellate Court Caption | ESTEBAN CARRILLO RODRIGUEZ, Plaintiff-Appellant, v. JERRY BRADY, in His Official Capacity as Peoria County State's Attorney, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-16-0439 |
| Filed | June 6, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 16-SC-478; the Hon. Katherine S. Gorman, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Esteban Rodriguez, of Hinton, Oklahoma, appellant *pro se*.<br><br>Jerry Brady, State's Attorney, of Peoria (Benedict G. Ciravolo and Larry M. Evans, Assistant State's Attorneys, of counsel), for appellee. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion.<br>Presiding Justice Holdridge and Justice Carter concurred in the judgment and opinion. |

¶ 1     Plaintiff, Esteban Carrillo Rodriguez, filed a complaint in small claims court seeking the return of money that had been seized from him upon arrest and subsequently subjected to civil forfeiture. Defendant is Jerry Brady, the Peoria County State's Attorney, whose office executed the civil forfeiture. Plaintiff argued in his complaint that the notice of forfeiture sent to his home address was constitutionally insufficient where defendant knew or should have known that plaintiff was in the Kane County jail after being arrested in Peoria County. Defendant filed a motion to dismiss the small claim, which the circuit court granted. We reverse and remand for further proceedings.

¶ 2                                                FACTS

¶ 3     Plaintiff filed a small claims complaint in the Peoria County circuit court against defendant. In the complaint, plaintiff alleged that "without proof of notice and contrary to statute, the Peoria County State's Attorney deprived the Plaintiff of his $5,335.00." Within the complaint, plaintiff made a number of supporting factual allegations. Plaintiff alleged that he was arrested on October 7, 2008, in Peoria County, pursuant to a Kane County warrant. Plaintiff was in possession of $5335 at the time of his arrest, and that money was seized by arresting officers. After plaintiff had made numerous attempts to recoup his seized assets, the Kane County circuit court ordered the return of the money on January 30, 2014. Subsequently, plaintiff received a letter from the Kane County State's Attorney's office notifying him that the Aurora police department would be returning his money.

¶ 4     On March 5, 2014, the Kane County State's Attorney's office filed a motion seeking vacatur of the circuit court's previous order. In the motion, the Kane County State's Attorney's office alleged that the Peoria County State's Attorney had executed a declaration of forfeiture on the money in question prior to the court's order. The circuit court granted the motion. Plaintiff subsequently wrote to the Peoria County circuit court, seeking a copy of the notice of forfeiture that was allegedly mailed to him. In response, plaintiff received a letter from the Peoria County State's Attorney's office informing him that notice of forfeiture had been mailed to him on November 19, 2014. The correspondence included a copy of the declaration of forfeiture, as well as a copy of the return receipt of the certified mailing of the notice of forfeiture. The declaration of forfeiture showed that notice was first mailed on November 11, 2008. The copy of the certified mail envelope showed that attempts were made on three dates to deliver the notice to plaintiff at 18 W. 204 Knollwood Lane in Villa Park.

¶ 5     Plaintiff further alleged in his complaint that he had remained in continuous custody from the date of his arrest in October 2008. After receiving the above correspondence from the Peoria County State's Attorney's office, plaintiff contacted the Kane County jail, where he was residing throughout November 2008. The jail had no record of any mail addressed to plaintiff.

¶ 6     Plaintiff concluded that the Peoria County State's Attorney's notice of forfeiture was insufficient, where the office knew or should have known that plaintiff was in jail and not in his home in Villa Park. Absent proper notice, plaintiff argued, the executed forfeiture of the $5335 in question was nothing more than a conversion.

¶ 7     Plaintiff attached to his complaint a number of exhibits that verified his factual allegations. The exhibits included the judgment from the Kane County circuit court ordering the return of

$5335, as well as a copy of the letter sent by the Kane County State's Attorney's office to plaintiff informing him that the Aurora police department would be returning the money. Also attached was the letter from the Peoria County State's Attorney's office, as well as copies of the declaration of forfeiture and the notice of forfeiture and its return receipt.

¶ 8 Defendant filed a motion to dismiss plaintiff's complaint. In the motion, defendant alleged that plaintiff was arrested in Peoria County on October 7, 2008, "pursuant to a warrant by deputy U.S. Marshals and Aurora, IL law enforcement personnel." The motion further alleged that $5335 was seized from plaintiff as suspected proceeds of a drug transaction. Plaintiff gave his address to arresting officers as 18 W. 204 Knollwood Lane, Villa Park, Illinois.

¶ 9 Defendant's allegations were supported by an Aurora police department report, which defendant attached to his motion. That police report described in detail a joint operation between Aurora police officers and United States Marshals to apprehend plaintiff in Peoria County. At the time of the arrest, plaintiff was in possession of $5335 in cash. The report showed that plaintiff was transported to the Aurora police department upon his arrest. The $5335 was placed into the evidence safe at the Aurora police department. The police report explained that plaintiff had been the "middle man for a drug transaction involving 5 kilos of cocaine." An inventory of seized property form, also attached to defendant's motion, showed that the money was later deposited into Old Second National Bank in Aurora. That same form listed "Peoria County" as a 25% participant in the seizure.

¶ 10 Defendant alleged that notice of forfeiture was sent to plaintiff at the given address, in compliance with statute. Following a 45-day period, the money in question was declared forfeited. Defendant concluded: "the Plaintiff was notified in accordance with the statute and he no longer has a basis in law for the return of that money to him."

¶ 11 Following a telephonic conference between the court, plaintiff, and counsel for defendant, the court granted defendant's motion to dismiss. The ensuing written order declares that the court "grants the Defendant's Motion to Dismiss." Notably, defendant's motion to dismiss did not specify a particular section of the civil code under which dismissal was sought. Nor did the circuit court's order dismissing the complaint make such a specification.

¶ 12                                    ANALYSIS

¶ 13 On appeal, plaintiff argues that the circuit court erred in dismissing his complaint. He maintains that defendant failed to provide legally sufficient notice of forfeiture where notice was sent to an address at which defendant knew or should have known plaintiff was not residing.

¶ 14                              I. Procedural History

¶ 15 Initially, we must address the procedural posture of the case. Illinois Supreme Court Rule 286(b) (eff. Aug. 1, 1992) provides:

> "In any small claims case, the court may, on its own motion or on motion of any party, adjudicate the dispute at an informal hearing. At the informal hearing all relevant evidence shall be admissible and the court may relax the rules of procedure and the rules of evidence. The court may call any person present at the hearing to testify and may conduct or participate in direct and cross-examination of any witness or party. At

the conclusion of the hearing the court shall render judgment and explain the reasons therefor to all parties."

Here, the record contains no indication that either party moved for an informal adjudication. Nor does the circuit court's written order provide any indication that the court did so on its own motion. Indeed, the court's order specified that it was granting defendant's motion to dismiss, rather than adjudicating the issue on the merits.

¶ 16    The Code of Civil Procedure (Code) (735 ILCS 5/1-101 *et seq.* (West 2014)) provides two methods by which a complaint may be dismissed on the pleadings. Section 2-619 of the Code allows a defendant to move for dismissal of an action on the pleadings based on certain defects or defenses. 735 ILCS 5/2-619 (West 2014). Section 2-615 of the Code allows a defendant to move to dismiss an action on the grounds that the complaint is legally insufficient. 735 ILCS 5/2-615 (West 2014).

¶ 17    In the present case, defendant did not raise any of the defects or defenses contemplated by section 2-619—such as lack of jurisdiction or statute of limitations—in his motion to dismiss. Instead, defendant argued that plaintiff had failed to state a claim because the pleadings showed that defendant had properly complied with the statutory notice requirements. As defendant challenged the legal sufficiency of plaintiff's complaint, we construe that motion to dismiss as a section 2-615 motion.

¶ 18    A motion to dismiss brought under section 2-615 of the Code challenges the legal sufficiency of a complaint. *Wilson v. County of Cook*, 2012 IL 112026, ¶ 14. "The critical inquiry in deciding a section 2-615 motion to dismiss is whether the allegations of the complaint, considered in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted." *Sheffler v. Commonwealth Edison Co.*, 2011 IL 110166, ¶ 61. We review *de novo* an order granting a motion to dismiss pursuant to section 2-615. *Wilson*, 2012 IL 112026, ¶ 14. In conducting such review, all well-pleaded facts are assumed to be true. *E.g.*, *In re Estate of Brewer*, 2015 IL App (2d) 140706, ¶ 11.

¶ 19    The nature of small claims court also dictates that pleadings in such courts shall be liberally construed. *Porter v. Urbana-Champaign Sanitary District*, 237 Ill. App. 3d 296, 300 (1992). "All that is necessary in a small claims case for the complaint to be sufficient is that it clearly notify the defendant of the nature of plaintiff's claim." *Id.* (citing *Miner v. Bray*, 160 Ill. App. 3d 241, 243 (1987)). As the Fourth District has held, "In many [small claims] cases, it is more efficient for the trial court to try the case and decide it on the merits than it is to consider motions of the parties attacking the opponent's pleadings, especially in light of the less formal pleading requirements in small claims cases." *Id.* at 303-04.

¶ 20                                    II. Notice Requirement

¶ 21    The facts of the present case appear to be undisputed. The parties agree that defendant sent notice of forfeiture to 18 W. 204 Knollwood Lane, Villa Park, Illinois, in November 2008. That address was the address provided by plaintiff at the time of his arrest. The only question is whether that notice was legally sufficient. The propriety of the circuit court's order thus turns on the legal question of sufficient notice. See *id.* at 300 ("In determining the propriety of the trial court's order, the first issue is to determine the question of law ***.").

¶ 22    The Drug Asset Forfeiture Procedure Act (Act) sets forth the procedures that must be followed when an agency seeks to execute civil forfeiture on assets seized in relation to certain

drug offenses. 725 ILCS 150/1 *et seq.* (West 2008). Specifically, section 4 of the Act delineates the steps to be taken in providing notice of forfeiture to the owner or interest holder of the seized assets. 725 ILCS 150/4 (West 2008). The section provides in part:

>"(A) Whenever notice of pending forfeiture or service of an in rem complaint is required under the provisions of this Act, such notice or service shall be given as follows:

>>(1) If the owner's or interest holder's name and current address are known, then by either personal service or mailing a copy of the notice by certified mail, return receipt requested, to that address. *For purposes of notice under this Section, if a person has been arrested for the conduct giving rise to the forfeiture, then the address provided to the arresting agency at the time of arrest shall be deemed to be that person's known address.*" (Emphasis added.) 725 ILCS 150/4(A)(1) (West 2008).

See also 725 ILCS 150/4(B) (West 2008) ("Notice served under this Act is effective upon personal service, the last date of publication, or the mailing of written notice, whichever is earlier.").

¶ 23 To be sure, defendant complied with the requirements set forth in section 4(A)(1) of the Act. Upon his arrest, plaintiff provided officers with his Villa Park address. Under the Act, that address is deemed to be his "known address," and the address to which notice must be sent. 725 ILCS 150/4(A)(1) (West 2008). Because defendant subsequently mailed the notice of forfeiture to that address, via certified mail with a return receipt requested, defendant was plainly in compliance with the Act.

¶ 24 This conclusion, however, does not end our analysis. The issue of notice is, at bottom, a constitutional issue. Specifically, the due process clauses of both the United States and Illinois Constitutions dictate that where the government attempts to deprive a person of property, it must first provide that person with notice and an opportunity to be heard. *E.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."); *Stratton v. Wenona Community Unit District No. 1*, 133 Ill. 2d 413, 432 (1990) ("Due process entails an orderly proceeding wherein a person is served with notice, actual or constructive, and has an opportunity to be heard and to enforce and protect his rights."). Thus, compliance with the Act's notice requirements is irrelevant if the notice is constitutionally deficient. See *People ex rel. Devine v. $30,700.00 United States Currency*, 199 Ill. 2d 142, 148, 155 (2002) (analyzing as separate issues whether notice was statutorily sufficient and whether it was constitutionally sufficient). As the United States Supreme Court has stated: "[W]e have required the government to consider unique information about an intended [notice] recipient regardless of whether a statutory scheme is reasonably calculated to provide notice in the ordinary case." *Jones v. Flowers*, 547 U.S. 220, 230 (2006).

¶ 25 In order to pass constitutional muster, the notice provided to an owner of assets subject to civil forfeiture must be "reasonably calculated, under all the circumstances, to apprise interested parties" of the pending forfeiture. *Mullane*, 339 U.S. at 314. In other words: "The means employed [in providing notice] must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id.* at 315. Due process does not require the

State to successfully provide actual notice but merely attempt to do so. *Dusenbery v. United States*, 534 U.S. 161, 170 (2002). In determining whether given notice has been constitutionally sufficient, "a court may consider the character of the proceedings and the practicalities and peculiarities of the case." *Devine*, 199 Ill. 2d at 156.

¶ 26     In *Dusenbery*, the agency seeking to commence forfeiture proceedings sent notice of forfeiture to the prison where it knew the defendant to be incarcerated. *Dusenbery*, 534 U.S. at 164. The defendant, however, claimed that he never actually received that notice and argued that the government bore the burden of actually securing delivery of notice. *Id.* at 169. As an example, defendant contended that due process required a prison official to watch him open the notice and to cosign the receipt. *Id.* at 171. Rejecting this argument, the United States Supreme Court wrote: "the Due Process Clause does not require such heroic efforts by the Government; it requires only that the Government's effort be 'reasonably calculated' to apprise a party of the pendency of the action" *Id.* at 170 (quoting *Mullane*, 339 U.S. at 314).

¶ 27     The United States Supreme Court has held that in the context of forfeiture proceedings, where the government knows or should know where the owner of the seized property is located, notice intentionally sent to another location fails to satisfy due process requirements. *Robinson v. Hanrahan*, 409 U.S. 38, 39-40 (1972) (*per curiam*). The facts in *Robinson* are quite similar to those in the case at hand. In that case, the defendant was arrested and held in the Cook County jail for four months. *Id.* at 38. In that time, the State instituted forfeiture proceedings, mailing notice of forfeiture to the defendant's home, rather than to the jail. *Id.* The Court found the notice insufficient, concluding:

> "In the instant case, the State knew that appellant was not at the address to which the notice was mailed and, moreover, knew also that appellant could not get to that address since he was at that very time confined in the Cook County jail. Under these circumstances, it cannot be said that the State made any effort to provide notice which was 'reasonably calculated' to apprise appellant of the pendency of the forfeiture proceedings." *Id.* at 40.

¶ 28     The Illinois Supreme Court in *Devine* reaffirmed the basic principal set forth in *Robinson* but clarified that the element of knowledge on the part of the government was the key to any such analysis. *Devine*, 199 Ill. 2d at 159. After discussing a number of cases, including *Robinson*, in which courts had found notice insufficient on similar fact patterns, the court concluded: "[W]e find one critical factor present which is absent in the instant matter: the notifying party knew the claimant's name and address and failed to serve notice to that address." *Id.*

¶ 29     In the present case, the inventory of seized property form listed Peoria County as a 25% participant in plaintiff's arrest. Peoria County surely knew or should have known that plaintiff was being transported back to Kane County following his arrest in Peoria County. Moreover, Peoria County, as a 25% participant in an operation that included United States Marshals, surely knew that plaintiff was being arrested for a serious drug offense rather than some minor offense for which he might reasonably be out of jail within a month.[1] Just as the Supreme

---

[1]Plaintiff's information page on the Illinois Department of Corrections' website shows that the arrest in question led to his conviction for the manufacture, delivery, or possession with the intent to manufacture or deliver between 15 and 100 grams of a substance containing cocaine. 720 ILCS 570/401(a)(2)(A) (West 2008). The sentencing range for that offense is between 6 and 30 years'

Court found in reference to the defendant in *Robinson*, it was highly unlikely in the present matter that plaintiff could have returned to his home address within a month of that arrest. Thus, like the State in *Robinson*, defendant here sent notice of forfeiture to an address where plaintiff was almost certainly *not* to be found. Indeed, the total effort required for defendant to confirm that plaintiff remained in the custody of Kane County would have been a single phone call—a far cry from the "heroic efforts" that the *Dusenbery* court held to be unnecessary. *Dusenbery*, 534 U.S. at 170.

¶ 30    Of course, this court need not decide whether defendant knew or should have known that plaintiff was actually located at the Kane County jail. For the purposes of this appeal, it is sufficient that plaintiff merely alleged that fact, as all factual allegations must be taken as true. *E.g.*, *Brewer*, 2015 IL App (2d) 140706, ¶ 11. Defendant claims in his appellate brief that "[T]here is no allegation that the Defendant had actual knowledge that Plaintiff had remained in continuous custody in the Kane County Jail." This claim is incorrect. In his original complaint, plaintiff alleged that he remained in continuous custody of the Kane County jail, and further alleged that "at all times subsequent to [plaintiff's] arrest, [defendant] has known, or should have known his exact location."

¶ 31    If, as plaintiff alleges, defendant knew or should have know that plaintiff was in the custody of the Kane County jail at the time defendant sent notice of forfeiture to plaintiff's home address, then that notice failed to satisfy the constitutional requirement of due process. *Robinson*, 409 U.S. at 39-40. Accordingly, the circuit court's granting of defendant's section 2-615 motion to dismiss was improper, as plaintiff sufficiently pled a set of facts that would legally entitle him to relief. We therefore reverse that ruling and remand for further proceedings—specifically, a hearing and judgment on the merits—not inconsistent with this order. See *Porter*, 237 Ill. App. 3d at 304.

¶ 32                                    CONCLUSION
¶ 33    The judgment of the circuit court of Peoria County is reversed and remanded for further proceedings.

¶ 34    Reversed and remanded.

---

imprisonment, equivalent to a Class X felony. *Id.*; 730 ILCS 5/5-4.5-25 (West 2008); see also *People v. Henderson*, 2011 IL App (1st) 090923, ¶ 8 (reviewing court may take judicial notice of information on the Illinois Department of Corrections' website).