**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190335-U

Order filed August 14, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| ESTEBAN RODRIGUEZ CARRILLO, | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Peoria County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-19-0335 |
| | ) | Circuit No. 16-SC-478 |
| JERRY BRADY, in His Official Capacity as | ) | |
| Peoria County State's Attorney, | ) | Honorable |
| | ) | Mark E. Gilles, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE LYTTON delivered the judgment of the court.
Justices Schmidt and Wright concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  Judgment in favor of defendant, denying plaintiff's claim for the return of $5335 in forfeited funds, was not against the manifest weight of the evidence.

¶ 2    Plaintiff, Esteban Rodriguez Carrillo[1], filed a small claims complaint seeking the return of money that had been seized from him following his arrest and subject to civil forfeiture executed

_____

[1] Plaintiff filed his notice of appeal with the clerk of the circuit court using the name Esteban Rodriguez Carrillo. He refers to himself as Esteban Rodriguez Carrillo and Esteban Carrillo Rodriguez in various documents on appeal. Pursuant to Supreme Court Rule 303(b) (eff. July 1, 2017), we adhere to the name designated on the notice of appeal.

by defendant, Jerry Brady, in his official capacity as the Peoria County State's Attorney. We previously addressed the trial court's dismissal of plaintiff's claim on the pleadings, finding that the court's decision was improper. We reversed the trial court's ruling and remand for further proceedings, specifically instructing the court to conduct a hearing on the merits. *Rodriguez v. Brady*, 2017 IL App (3d) 160439, ¶ 31. Following an evidentiary hearing, the trial court denied plaintiff's request to return the funds. In this appeal, plaintiff argues that the trial court's judgment should be reversed because it "willfully ignored this honorable court's guidance." We affirm.

¶ 3                                               I. BACKGROUND

¶ 4          As noted, this case previously came before us in *Rodriguez v. Brady*, 2017 IL App (3d) 160439 (*Rodriguez I*). We provided a detailed recitation of the allegations in plaintiff's complaint in our prior opinion and repeat only those facts relevant to the issue presented in this appeal.

¶ 5          Plaintiff filed a small claims complaint in the Peoria County circuit court against defendant. In his complaint, he alleged that without proof of notice the Peoria County State's Attorney deprived him of $5335 through unlawful civil forfeiture proceedings. Plaintiff argued that notice was insufficient because the State's Attorney's office knew or should have known that he was in the Kane County jail and not at his home address. Defendant moved to dismiss the complaint, alleging that notice was sent to plaintiff at the given address, in compliance with the forfeiture statute, and plaintiff no longer had a basis in law for the return of the money to him. Following a conference between the court, plaintiff and counsel for the defendant, the trial court granted defendant's motion to dismiss.

¶ 6          On appeal, plaintiff argued that defendant failed to provide legally sufficient notice of forfeiture because notice was sent to an address at which defendant knew or should have known plaintiff was not residing. *Rodriguez I*, 2017 IL App (3d) 160439, ¶ 13. We interpreted defendant's

motion as a motion to dismiss under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2014)) and noted that the critical inquiry on appeal was whether the allegations in the complaint, considered in a light most favorable to the plaintiff, were sufficient to state a cause of action upon which relief could be granted. *Id.* ¶¶ 17-19. Reviewing plaintiff's complaint in that context, we concluded the allegation that "at all times subsequent to [plaintiff's] arrest, [defendant] has known, or should have known his exact location" was sufficient to avoid dismissal at the pleadings stage. *Id.* ¶ 30. In reaching our conclusion, we noted:

> "[o]f course, this court need not decide whether defendant knew or should have
> known that plaintiff was actually located at the Kane County jail. For the purpose
> of this appeal, it is sufficient that plaintiff merely alleged that fact, as all factual
> allegations must be taken as true. [Citation omitted]." *Id.*

We reversed the trial court's order granting defendant's motion to dismiss and remanded "for further proceedings—specifically, a hearing and judgment on the merits—not inconsistent with this order." *Id.* ¶ 31.

¶ 7    On remand, plaintiff filed a motion for summary judgment, asserting that none of the facts were in dispute and that the law had been decided by the appellate court. The trial court denied plaintiff's summary judgment motion and scheduled a hearing on the merits in accordance with this court's ruling.

¶ 8    At the hearing, plaintiff maintained that his due process rights were violated because defendant failed to send notice of forfeiture to his place of incarceration. He testified that he was arrested in Chillicothe on October 7, 2008, as part of a homicide investigation. At the time of his arrest, he provided the address of 18W204 Knollwood Lane, Villa Park, Illinois, as his home address. He is currently in custody at the Great Plains Correctional Facility in Oklahoma.

3

¶ 9        Assistant State's Attorney, Kim Nuss, testified that she handled plaintiff's forfeiture case in 2008. She reviewed numerous reports relating to plaintiff's arrest on October 7, 2008, including an Illinois State Police inventory form. Her office received the inventory form on November 18, 2008. In addition to the seized property, the form named the seizing agency as the Aurora Police Department and the individual from whom the property was seized as "Esteban Rodriguez." It listed plaintiff's address as "18W204 Knollwood Lane, Villa Park, Illinois." The form also named the law enforcement agencies involved in the seizure and their percentage of involvement. Peoria County was included in the list as a 25% participant. Nuss signed the bottom of the form, indicating that the Peoria County State's Attorney's office was proceeding with forfeiture.

¶ 10       Nuss prepared a notice of forfeiture and mailed a copy by certified mail on November 19, 2008, to plaintiff's address as provided on the Illinois State Police form. Nuss acknowledged that the State's Attorney's office did not receive a return receipt signed by plaintiff. The certified mail receipt indicates that three attempts were made to serve plaintiff and that notice was returned by the postal service as unclaimed.

¶ 11       Nuss testified that she did not know plaintiff was in custody at the Kane County jail when she mailed notice of forfeiture. She testified that the listed address on the Illinois State Police inventory form that she received on November 18, 2008, indicated to her where plaintiff was located. She expected it to state "in-custody" status if plaintiff was still in custody. There was no indication in the documentation she reviewed that plaintiff was in the Kane County jail. She had processed thousands of forfeiture cases and, in her experience, the probability of a person arrested on drug delivery charges making bond was high. In this case, she assumed plaintiff was able to post bond. She also noted that the officers did not recover drugs during the arrest. There was no indication that defendant was in custody on any charge related to the seizure. Nuss testified that

4

nothing in the arrest reports and related information led her to believe that plaintiff was in custody at the Kane County jail.

¶ 12 At the conclusion of the hearing, the trial court denied plaintiff's claim for the return of the money and ruled in favor of defendant.

¶ 13                                                  II. ANALYSIS

¶ 14 On appeal, plaintiff argues that the decision in our prior opinion required the trial court to conclude, on remand, that defendant's forfeiture notice was constitutionally insufficient.

¶ 15 The United States Supreme Court has held that notice intentionally sent to a claimant's home address fails to reasonably apprise the claimant of the pending forfeiture proceedings where the government knows or should know that the claimant is incarcerated. *Robinson v. Hanrahan*, 409 U.S. 38, 39-40 (1972). Following the rationale in *Robinson*, our supreme court clarified that knowledge on the part of the notifying agency is the critical element in the analysis. *People ex rel. Devine v. $30,700.00 United States Currency*, 199 Ill. 2d 142, 159 (2002). In *Devine*, the property was seized in Cook County, and the claimant was incarcerated in a separate county for a separate crime six weeks later. The trial court entered an order forfeiting the claimant's interest in the currency, and the appellate court reversed. *Id*. at 147-48. After reviewing several forfeiture cases where the government was aware of defendant's incarceration and mailed notice to the claimant's home address, the court concluded: "We find one critical factor present which is absent in the instant matter: the notifying party knew the claimant's name and address and failed to serve notice to that address." *Id*. at 159. The court concluded that notice of forfeiture mailed to the claimant's residential address satisfied due process of law where the record showed that the government mailed notice to the address the claimant provided officers at the time of his arrest and no other evidence indicated he was incarcerated. *Id.* at 161.

¶ 16    In our prior opinion in *Rodriguez I*, we found that defendant complied with the requirement set forth in section 4(A)(1) of the Act, but held that "compliance with the Act's notice requirements is irrelevant if the notice is constitutionally deficient." *Rodriguez*, 2017 IL App (3d) 160439, ¶ 24. We then cited *Robinson* for the proposition that when the government knows or should know where the owner of the seized property is located, notice intentionally sent to another location fails to satisfy due process requirements. *Id.* ¶ 27. We concluded that defendant sufficiently pled facts to avoid a section 2-615 dismissal and remanded the case for a hearing on the merits to determine if defendant knew or should have known that plaintiff was in the custody of Kane County jail at the time defendant sent notice. *Id.* ¶ 31. We did not conclude that defendant knew or should have known that plaintiff was in custody in the Kane County jail when defendant mailed notice of forfeiture to his home address. Plaintiff misinterprets our ruling in the first appeal.

¶ 17    On remand, the trial court heeded our instructions and conducted an evidentiary hearing. Defendant was present telephonically. Witnesses testified, and arguments were heard. At the conclusion of that proceeding, the trial court found that notice mailed to the residential address provided by plaintiff satisfied due process of law. Where the trial court conducts a hearing on the merits, we review the court's findings of fact to determine if they were against the manifest weight of the evidence. *Eychaner v. Gross*, 202 Ill. 2d 228, 251 (2002). "A decision is against the manifest weight of the evidence only when an opposite conclusion is apparent or when the findings appear to be unreasonable, arbitrary, or not based on evidence." *Id.* at 252.

¶ 18    Here, nothing in the record before the trial court indicated that defendant was aware of plaintiff's incarceration, or that defendant knew plaintiff's Kane County inmate status and failed to serve notice to that address. Nuss testified that the only address known to defendant was plaintiff's home address and plaintiff was served with notice of forfeiture at that location. She

6

stated that the property was seized in Chillicothe following a homicide investigation and that plaintiff was arrested by officers from the Aurora Police Department. At the time of his arrest, plaintiff provided his address as 18W204 Knollwood Lane, Villa Park. The Peoria County State's Attorney's office received an inventory form indicated that the property was seized from plaintiff on October 7, 2008, and listing his address as 18W204 Knollwood Lane. Nuss further testified that nothing in the reports she reviewed suggested that plaintiff was incarcerated when she prepared the forfeiture notice six weeks later. Absent any indication that the State's Attorney's office knew or should have known that the notice to plaintiff's home address would be ineffective, defendant fulfilled due process requirements. See *Devine*, 199 Ill. 2d at 160-61. The judgment entered by the trial court was based on the evidence presented and was not unreasonable or arbitrary.

¶ 19                                    III. CONCLUSION

¶ 20            The judgment of the circuit court of Peoria County is affirmed.

¶ 21            Affirmed.